## OHIO FARMERS INSURANCE COMPANY *v.* HUNTER.

[No. 5,431.   Filed May 11, 1906.]

1. INSURANCE. — *Return of Policy.—Cancelation. — Intent.—* Whether the return of an insurance policy to the company was an exercise of the right of cancelation depends upon the intent with which it was returned.   p. 13.

2. SAME. — *Return of Policy. — Cancelation.—Evidence.—*Where assured returned her policy to the company and demanded her premium notes, saying that would settle the matter, the insurance ceased, there being no room for diverse inferences.   p. 14.

3. SAME.—*Cancelation.—Enforcement of Premium Note.—*Where assured cancels her insurance, the attempted enforcement of the premium notes, so far as they were earned before cancelation, is not inconsistent with such cancelation.   p. 14.

4.  INSURANCE.—*Cancelation.*—*Assent.*—Where assured is given the right of cancelation in an insurance policy, she may exercise such right regardless of the insurer's assent.  p. 14.

From Jefferson Circuit Court; *Hiram Francisco,* Judge.

Action by Diantha Hunter against the Ohio Farmers Insurance Company.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Guilford A. Deitch* and *P. E. Bear,* for appellant.
*L. A. Douglass* and *A. D. Vanosdol,* for appellee.

ROBY, C. J.—Action on a policy of fire insurance.  The plaintiff had verdict and judgment for $597.50.  The complaint is in two paragraphs.  They are not challenged by demurrer, and, while the second paragraph is attacked by assignment of error, no argument in support thereof is made.  We do not approve the pleading by inference or otherwise.  An answer in three paragraphs was filed, in the second of which it was averred that the policy sued upon contained a provision as follows:

"This policy may be canceled at any time, and if canceled by the insured and the premium has been actually paid in cash the company may retain the customary short rate for the time elapsed from the date of the policy to the time it is received at the office of the company in LeRoy, Ohio, for cancelation."

It is further averred that the plaintiff did not pay the premium on such policy, but executed her promissory note therefor, due on or before January 1, 1901; that she failed and refused to pay said note at maturity, and failed to pay said premium; that defendant placed said note in the hands of an attorney for collection; that the plaintiff, upon being requested to pay said note, refused to pay the same and returned said policy to defendant for cancelation upon March 13, 1901; that such policy was accepted by defendant and entered upon its books as canceled upon said day. The property is alleged in the complaint to have been destroyed by fire on March 18, 1901.  Other paragraphs of

answer, in view of the conclusion reached, will not be further referred to.

Appellant's motion for a new trial was overruled. It presented the question as to the sufficiency of the evidence to sustain the verdict. The evidence is in the record. The policy sued on contains a clause in terms as set out in the answer. It is established that appellee's husband, C. D. Hunter, acted as her agent throughout the transaction, and, on the date named, in such capacity, wrote the following letter:

"C. D. Hunter, Dry-Goods, Notions and Groceries, Notary Public. Memphis, Indiana, 3-13-1901.
Jerry Bundy.

Dear Sir. I send you my policy and I want you to send me my notes and this will settle the matter with us. I will give you the $5 I paid you and you send me the notes. I did not think you took the notes but you did, and you know that was not right.
Yours,
C. D. Hunter.
I have your card telling me to send policies in.
C. D. Hunter,
Memphis, Indiana."

The policy in suit was by him returned. By the provision heretofore quoted the right to cancel the policy was given to appellee. Whether returning the policies to the agent was an exercise of such right depends upon the intent with which they were returned. *Crown Point Iron Co. v. Aetna Ins. Co.* (1891), 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147; *Von Wien v. Scottish Union, etc., Ins. Co.* (1889), 118 N. Y. 94, 23 N. E. 123; *Train v. Holland Purchase Ins. Co.* (1875), 62 N. Y. 598; *Birnstein v. Stuyvesant Ins. Co.* (1903), 82 N. Y. Supp. 140; *Ikeller v. Hartford Fire Ins. Co.* (1898), 53 N. Y. Supp. 323.

There does not seem to be any room for diverse inference as to her intent. The terms of the letter left nothing

to implication. The existence of such intent being undisputed, and the policy having been returned in accordance with it, the insurance was at an end. *Insurance Commissioner* v. *People's Fire Ins. Co.* (1894), 68 N. H. 51, 44 Atl. 82; *Stewart* v. *Knight & Jillson Co.* (1906), 166 Ind. 498.

The assertion of a claim against her upon the premium note is not inconsistent with such cancelation. To the extent that the accrued premium had been earned, appellee was bound to pay. *American Ins. Co.* v. *Garrett* (1887), 71 Iowa 243, 32 N. W. 356. It did not lie with appellant, in any event, to curtail or deny to her a right given by the contract. A demand for payment of the premium note could in no event operate to render her liable for any part of the premium, except that earned prior to the cancelation. It is always competent for parties to cancel a contract of insurance by mutual consent, but, where the specific right to cancel is retained by the insured, the insurer's assent to such cancelation is not requisite.

In view of these facts, consideration of other questions argued becomes unnecessary.

Judgment reversed, and cause remanded, with instructions to sustain motion for new trial.

Wiley, Comstock, Myers and Robinson, JJ., concur. Black, P. J., absent.