CONTINENTAL INSURANCE COMPANY v. SMITH ET AL.

[No. 8,830. Filed March 31, 1916.]

INSURANCE.—*Fire Insurance.—Alienation of Property.—Liability on Premium Note.*—Where the assured under a fire policy paid the first annual premium in cash and executed notes for succeeding years of the policy term, and prior to the expiration of the first year sold the property covered and tendered back the policy for cancellation, he was not liable on the premium notes; it appearing that the cash premium was more than the short rate for the time the policy had been in force, and that the policy by its terms became void on a transfer of the property.

From Superior Court of Marion County (90,918); *Pliny W. Bartholomew,* Judge.

Action by the Continental Insurance Company against George D. Smith and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Headrick & Ruick,* for appellant.
*Newton J. McGuire,* for appellees.

IBACH, C. J.—Appellant sued appellees on a promissory note executed by them to appellant, in payment of premiums in four yearly installments on a policy of fire insurance. This appeal is from a judgment against appellant, and the error assigned is the overruling of its motion for new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appeared from the evidence that the first installment of the premium on a five-year insurance policy had been paid; that the note in suit was executed for the four remaining installments; that six months after the execution of the policy, the property was sold by appellees; that by its terms the policy became void when the property insured was transferred; that on selling the prop-

erty, appellees tendered back the policy for cancellation; that the first installment of premium which had been paid was more than the short rate for the time the policy had been in force. The leading case on which appellant relies is *American Ins. Co.* v. *Henley* (1878), 60 Ind. 515. That case holds that liability on such a note as that here involved is not affected by the fact that the policy, as in the present case, provides that the insurer shall not be liable for any loss which occurs while any premium obligation remains due and unpaid. The reason assigned for the holding is that the policy, even though liability on it became suspended for nonpayment of premiums when due, would again become effective on payment of the past due premium.

In the present case there could, in no event, be a right to recover more than the earned portion of the premium. Appellant could not have recovered for the insurance after the transfer of the property which avoided the policy. After that the policy could not again come into force. It was said in the case of *American Ins. Co.* v. *Henley, supra,* 521: "This is not a case of alienation of the property insured, but simply a failure to pay an instalment due on a premium note. Alienation, as a general rule, invalidates a policy, whether it is so provided in the policy or not, because it terminates all interest of the assured therein; whereupon the policy becomes inoperative, and ceases to have any validity as an indemnifying contract." The policy, by its terms, provides that it shall become void on any transfer of the property except by succession. It also provides for cancellation by the insurer at any time upon returning the unearned portion of the premium, and provides for cancellation by the insured when the premiums are paid, and the return

by the insurer of the premium above the customary short rate. Since the testimony of appellant's agents shows that appellees had already paid more than the short rate for the time the policy was in force, there was no occasion for them to offer to pay a larger amount to appellant before the policy could be cancelled. If they had done so, appellant would have been compelled to return it to them. The law does not require the doing of a useless thing. Appellees had done all that was required of them to bring about a cancellation of the policy and note, the policy by its terms had become void, there was no right to recover on the note, and the court did not err in its judgment and finding. See also *Ohio Farmers Ins. Co.* v. *Hunter* (1906), 38 Ind. App. 11, 77 N. E. 951.

In view of the conclusion which we have reached in the matter, it is unnecessary to consider whether appellant was bound by the representations of the agent who took the application that he would cancel it, if appellees should sell the property soon, as they contemplated doing. Judgment affirmed.

Note.—Reported in 112 N. E. 15. See 19 Cyc 616.