JOHNSON & STROUD v. RHODE ISLAND INSURANCE COMPANY.

(Filed 3 October, 1917.)

1. Insurance—Contracts—Policies—Cancellation—Mutual Consent—Express Stipulation.

  While ordinarily it requires the consent of both parties to an existing contract to cancel it before breach of its conditions, this principle is not controlling when contrary to the express provisions that a party thereto may cancel the same without the consent of the other party; and where the insured, under a tornado policy of insurance of standard form, had, within the provision of the policy, demanded its cancellation of the insurer's agent, the policy is void thereafter, and a recovery for a subsequent loss under the policy may not be had.

2. Same—Adjustment of Premium.

  Where the insured has, within the terms of his contract, canceled a policy of tornado insurance, and the question arises as to whether the insurer has retained, on the short-term plan, a greater amount than necessary to extend the insurance beyond the time of the loss claimed, the question is only one for adjustment between the insurer and insured as to the amount of money due the latter, and cannot have the effect of continuing the policy in force beyond the time of its cancellation.

3. Insurance—Contracts—Policies—Cancellation—Physical Acts.

  Where the insured has demanded the cancellation of the policy of tornado insurance by right, under its provisions, upon which the policy should be void, the fact that the policy was not physically surrendered and canceled cannot have the effect of continuing the policy in force.

CIVIL ACTION to recover on two tornado insurance policies of standard form, Nos. 2105 and 2106, aggregating $4,000, tried before his Honor, *W. P. Stacy, J.,* and a jury, at April Term, 1917, of PITT.

At a former trial, there was recovery by plaintiff, and, on appeal, a new trial was awarded for an erroneous reception of evidence. See *Johnson v. Ins. Co.,* 172 N. C., 143. This opinion having been certified down, defendant admitting that it had issued the policies in question, and that the amount of damages done by the storm was as claimed by plaintiff, $1,496.80, resisted recovery chiefly on the ground that at the time of the alleged storm, 3 September, 1913, said policies were no longer in force, having been canceled at plaintiff's request.

On issue submitted, jury rendered their verdict that said policies had been canceled as claimed by defendant.

Judgment on the verdict, and plaintiffs excepted and appealed.

*Harding & Pierce and J. L. Horton for plaintiff.*
*Albion Dunn for defendant.*

HOKE, J., after stating the case: There was evidence on the part of defendants tending to show that on 25 August, 1913, preceding the storm on 3d September, plaintiff had requested of defendant's agent that he cancel the policies, and again on 29th August that he demanded that this be done, and further that this was so entered on the company's books either on the 29th or entered on slips on that day and duly posted on the day following.

The evidence of plaintiff tended to show that no direct or positive request to cancel was made, but that plaintiff and defendant's agent had some conversation on the subject, and the matter was left open for plaintiffs to hand in the policies, which he did not have present at the time. On this feature of the case, his Honor, among other things, charged the jury as follows:

"Upon that point I am asked to instruct you, and I do, as follows: The defendant contends that the policies in suit were ordered canceled by the plaintiff Stroud. There is a provision in the policy reading as follows: 'This policy may also be canceled on the request of the insured, in which event the company shall be entitled to the customary short-rate premium for the time expired.'

"I charge you, gentlemen of the jury, that all that is required for the cancellation of the policy and the immediate termination of the insurance is a request from the insured to the insurer, and as soon as received, the cancellation takes effect at once. The assent of the insured is not required. That while it takes two to make a contract, in the cancellation of policies, one of the parties to the contract may end it, if the contract itself so provides.

"I charge you further that a request upon the part of the insured to the insurer's agent to cancel the policy operates as a cancellation upon

the instant that such request is made (even if the insurer absolutely refuses to permit it to be done)."

This position is directly approved in *Mfg. Co. v. Ins. Co.*, 161 N. C., 88, as to policies issued in standard form, or containing this or equivalent stipulation for cancellation on request of the insured. Without such provision, the ordinary rule is that in contracts of insurance, as in other cases, there can only be a cancellation by agreement on the mutual assent of the parties (*Waters v. Annuity Co.*, 144 N. C., 663), but the question in the present case is controlled by the express stipulation that the action of the insured making direct request shall suffice. And if this request was made, there would be no significance in the fact that after the loss occurred, the company, in making a remittance for the unearned premium, retained an amount sufficient, at the annual rate, to have carried the policy beyond the date of such loss.

The company insists that the amount is strictly correct, as the rate is higher for the shorter period, the policy having been in fact canceled or abrogated pursuant to the contract stipulation. Even if the amount retained by the company was too much, this would only be a matter of adjustment between them as the sum actually due and would have no effect on the continued existence of the policy.

Nor is there merit in the suggestion that the policies themselves were not in fact surrendered or actually canceled, as a direct request to cancel by the insured to the company or its proper agent is held sufficient to abrogate the contract. *Mfg. Co. v. Ins. Co., supra.*

We find no error in the record, and the judgment for defendant is affirmed.

No error.