39642.   DeLaPERRIERE v. AMERICAN HOME
ASSURANCE INSURANCE COMPANY.

DECIDED SEPTEMBER 7, 1962.

*John A. Darsey, Jack S. Davidson, Davis & Davidson,* for plaintiff in error.

*Hurt, Baird & Peek, J. Corbett Peek, Jr., Dudley Cook,* contra.

CARLISLE, Presiding Judge. ■ The plaintiff in error contends that he was entitled to revoke his cancellation of the fire insurance policy at any time before he surrendered the policy and received or had tendered to him the return premium. This argument is unsound. It is true that to be effective the notice

must be received by the insurer (*Bankers Mutual Cas. Co. v. Peoples Bank of Talbotton*, 127 Ga. 326 (1), 56 SE 429), but nothing more is required except that the notice conform to the terms of the contract of insurance. *Home Ins. Co. of N.Y. v. Chattahoochee Lumber Co.*, 126 Ga. 334 (55 SE 11). Thus if, as a condition precedent to cancellation, it is required that the insured surrender the policy, such provision will be given effect. *Interstate Life &c. Co. v. Jackson*, 71 Ga. App. 85 (30 SE2d 208). Where the policy requires only that it *shall* be canceled at any time at the request of the insured, such request by the insured to the insurance company or its authorized agent will ipso facto terminate the contract. *Home Ins. Co. of N.Y. v. Loflin*, 41 Ga. App. 423 (1) (153 SE 229). The right to terminate the contract at any time on request constituted a continuing offer by the company which, when accepted by the insured by exercising the right comformable to the terms of the policy, immediately revoked the contract without any further action on the part of anyone. Northwestern Mut. Life Ins. Co. v. Joseph, 31 Ky. L.R. 714 (103 SW 317); Lockwood v. New York Life Ins. Co., 161 NYS 700; Manhattan Life Ins. Co. v. Allison, 100 Colo. 1 (64 P2d 1265). The language of this policy does not require a surrender of the policy to effect a termination, but does provide that where the insured elects to terminate the contract "this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time." In such a case "where a notice to cancel a policy is given in accordance with its terms, the contract is ipso facto terminated, and the obligation of the insurance company to return the unearned premium, if any, to the insured merely creates the relationship of debtor and creditor between the company and the insured with respect to that item." State Farm Mut. Auto Ins. Co. v. Pederson, 185 Va. 941 (41 SE2d 64, 67); Gately-Haire Co. v. Niagara Fire Ins. Co., 221 N. Y. 162 (116 NE 1015, 1017, Ann. Cas. 1918C, 115); Johnson & Stroud v. Rhode Island Ins. Co., 174 N. C. 201 (93 SE 735); Hicklin v. State Farm Mut. Auto. Ins. Co., 176 S. C. 504 (180 SE 666, 669); Prillaman v. Century Indem. Co., 138 F2d 821, 823 (4 Cir.); Eicher-Woodland Co. v. Buffalo Ins. Co., 198 La.

38 (3 S2d 268, 272); Camden Fire Ins. Assn. v. Jennings, (Tex.) 93 SW2d 530; Atlantic Fire Ins. Co. of Raleigh v. Smith, 183 Okla. 97 (80 P2d 216).

■ There is no contention here that the McWhorter Insurance Company was not an authorized agent of the defendant. That it was such an agent appears generally from the facts that it was required to and did countersign all policies of insurance issued by it; that it had dealt with the plaintiff for many years, selling and delivering policies, effecting cancellations, and adjusting losses, and that in this particular case the agent himself wrote out and delivered or tendered the refund checks without any prior communication with the company. The fact of agency appears from a specific statement in the policy to this effect. The testimony of the office employee to the effect that they had to pick up the policies in order to cancel them must, in view of these facts, be interpreted as office procedure rather than any requirement of the company, because the company, under the language of this policy, would not itself have had the right to insist that surrender of the policy be made a condition precedent to its termination, nor would the situation be changed even though the agency, after receiving the notice of cancellation, took no further action whatever.

It follows that a verdict in favor of the defendant was demanded, and the trial court did not err in granting the judgment notwithstanding the verdict.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*