Arthur **PALARDY**, Appellee,

v.

**CANADIAN UNIVERSAL INSURANCE COMPANY**, Appellant,

and

American Universal Insurance Company.

**No. 265, Docket 30163.**

United States Court of Appeals
Second Circuit.

Argued March 9, 1966.

Decided May 18, 1966.

———◆———

Robinson E. Keyes, Rutland, Vt. (Ryan, Smith & Carbine and James T. Haugh, Rutland, Vt., on the brief), for appellant.

Douglas C. Pierson, Burlington, Vt. (Albert W. Coffrin, Burlington, Vt., on the brief), for appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This is a suit on a judgment which Palardy, the appellee, had obtained in a prior tort action in the United States District Court for the District of Vermont against the Moulton Ladder Manufacturing Company, which was the insured under a products liability policy of Canadian Universal Insurance Company, the defendant-appellant in the present action. The District Court entered judgment in favor of Palardy and the insurance company appeals.[1]

Canadian had issued a "Manufacturers and Contractors Liability" policy to Moulton for the year July 1, 1961 to July 1, 1962. Other than for a somewhat lower premium, which resulted from the fact that Moulton had advised the carrier that it anticipated a sharp decline in sales during the 1961–1962 period, the policy was in all respects identical with one which had been issued for the previous one year period.

On February 8, 1961 Moulton sold a sixteen foot wooden extension ladder, which it had manufactured, to Lowe Brothers Paint Company, a retail outlet, in Burlington, Vermont. On January 20, 1962 Lowe Brothers sold the ladder to Palardy. While Palardy was using it on June 21, 1962, the ladder broke and he fell and suffered injuries. Subsequently he commenced the tort action against Moulton in the District Court, and recovered a judgment of $13,500 and costs.

As soon as Moulton had been served with the summons and complaint in that suit, it forwarded them to Canadian. But on October 3, 1962 Canadian returned them to Moulton with a notice that it denied coverage under the policy and refused to defend the tort action. Later, after Palardy obtained a judgment in his favor in the tort case, Canadian refused to satisfy it. The present suit was commenced to collect the amount of the tort judgment from Canadian, which denied the liability on the ground that Moulton, by its letter of April 5, 1962, had cancelled the policy.

That letter, which led to the controversy in this suit read as follows:

"This is to advise you that the Moulton Ladder Manufacturing Company, Inc., 2–40 Harding Street, Somerville, Massachusetts, insured by you under policy No. NMCL–6478, has ceased to manufacture and sell its products. Accordingly, under the terms of said policy in paragraph 20 thereof, the insured, the Moulton Ladder Manufacturing Company, Inc. hereby gives written notice to you that it has cancelled and terminated said policy of insurance, effective forthwith, upon receipt of this notice.

"Your company, having been paid its required premium on all products manufactured from July 1, 1961, to date, and under previous yearly policies issued by your company, we wish to make it clear to you that your existing policies of insurance are to continue applicable to all products of Moulton, described in said policies, manufactured, sold and delivered prior to the effective date of cancellation. Any attempt to terminate your liability on products so manufactured, sold and delivered will be treated by Moulton as a breach of its contract with you and due report thereof shall be made to the

---

1. American Universal Insurance Company, the parent of Canadian, was a party in the district court, however, the complaint was dismissed as to it.

State Department of Insurance, in addition of pursuing all other legal rights."

On April 25, 1962 Canadian, without specifically stating that the policy had been cancelled, wrote to Moulton saying,

"We acknowledge receipt of your letter of April 5, 1962, enclosing Policy No. NMCL–6478 for cancellation as at April 1, 1962.

"With reference to the last paragraph of your letter, we respectfully refer you to Insuring Agreement VI of the policy and entitled 'Policy Period, Territory.' Said Insuring Agreement is quoted below:

'VI Policy period, Territory: This policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada.'

"It is quite clear that this policy only covers accidents that occur within the policy period. Thus, if any accident occurs subsequent to the termination of this policy, such accident would not be covered."

On May 1, 1962 Moulton's attorney wrote to Canadian, acknowledging its letter of April 25th and treating the policy as having been cancelled. He said in pertinent part,

"So that there may be no possible doubt about our position relative to Policy No. NMCL–6478, which you are cancelling on April 25, 1962, as of April 1, 1962, it is the position of this company that your company has been paid a premium covering all products manufactured and sold by the Moulton Ladder Manufacturing Company under your insuring agreements to those products manufactured and sold up to and including April 1, 1962.

"In no sense do we accept the construction that this policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada."

With this letter the correspondence appears to have terminated.

The District Court decided, in effect, that Moulton, through its letters, sought to make a conditional cancellation to which Canadian never agreed and which never, therefore, became effective, so that the policy remained in force until July 1, 1962. Under this construction of the policy and the correspondence, Palardy was allowed to recover, and judgment was entered against Canadian in the amount of $13,650, with interest from July 16, 1963, the date of the tort action judgment against Moulton, the costs of that action and of the present suit, and attorney's fees of $2,000. It is from this judgment that Canadian appeals. We reverse.

■ It is clear that under the terms of the policy the insured had the power unilaterally to cancel. The relevant part of the cancellation clause said,

"This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective."

The policy also expressly insured against Moulton's liability for *accidents*, which occurred within the policy period, and not against *products produced* by Moulton within the policy period, which at any indefinite time in the future might cause accidents. The clause defining the policy period said,

"This policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada."

In the cancellation clause there was also this provision,

"The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

■ There is nothing in what the parties said and did to show that either of them intended anything other than the

complete and unconditional cancellation of the policy as of April 1, 1962. It is significant that Moulton took no exception to that part of Canadian's letter of April 25, 1962 which clearly indicated that the insurance company considered the policy cancelled. Moulton's attorney made no claim that the premium covered a period beyond the cancellation date. In his letter of May 1, 1962 to Canadian, he assumed the cancellation was a *fait accompli* and acknowledged that it operated to foreshorten the policy period so that it terminated on April 1, 1962.

We conclude that the correspondence between the parties means that Moulton intended to cancel the policy without condition and that Canadian so construed it and acted accordingly. What Moulton did take issue on was a construction of a clause of the policy. That it is this, rather than a conditional cancellation, is manifest from Moulton's attorney's letter on May 1, 1962 which, as already mentioned, acknowledged the cancellation, and then went on to say,

> "In no sense do we accept the construction that this policy applies only to accidents which occur during the policy period * * *"

Moulton took the position that the policy covered any tort liability flowing from products manufactured during the foreshortened policy period. We hold, however, that this interpretation of the policy is untenable as it is directly contrary to the express provision which says that the policy applies "only to accidents which occur during the policy period * * *"

■ There has neither been cited to us, nor has our research disclosed, a Vermont case which is apposite. The decisions in other states in comparable cases have held that the cancellation has, in spite of the contemporaneous assertion of a right to which it is found the insured is not entitled, none the less, been fully effective and not subject to any condition. State Farm Mutual Automobile Insurance Co. v. Pederson, 185 Va. 941, 41 S.E.2d 64 (1947) (request for re-fund of unearned premium where there was none due); Tucker v. Equitable Life Assurance Soc., 174 La. 598, 141 So. 71 (1932) (insured mistaken as to amount of cash surrender value of life insurance policy); and Ohio Farmers Insurance Company v. Hunter, 38 Ind.App. 11, 77 N.E. 951 (Ind.1906) (insured demanded return of promissory notes to which she was not entitled). In each of these cases the fact that the insured misconstrued or misunderstood his rights has not modified or limited the otherwise unqualified direction to cancel. For a cancellation to be conditional the insured must unequivocally make known to the insurance company the conditional nature of his act. This should be done in clear and precise language which demonstrates an unambiguous intent that the policy be cancelled only if the insurer accedes to the stated condition.

In the present case we hold that Moulton's return of the policy to Canadian with the accompanying letter of instruction, dated April 5, 1962, effectuated the cancellation of the policy, unconditioned by Moulton's statement concerning its erroneous understanding of the policy's coverage.

The judgment of the District Court is reversed and the action is dismissed.

J. JOSEPH SMITH, Circuit Judge (dissenting):

I dissent. I think Judge Gibson correct in holding that Moulton never effectively cancelled the policy. The correspondence plainly conditions cancellation on Moulton's understanding that coverage was to continue on products already sold, for the original term of the policy. There never was any acceptance of this attempt at limited cancellation, and it should be held ineffective. Since premium was based on sales, and sales had ceased prior to the cancellation attempt, the insurer was paid in full for the full term in spite of the cancellation attempt, and relieving it of part of its obligation works to some extent a forfeiture against the insured. I would affirm.