## 50908. LEIDEN v. GENERAL MOTORS ACCEPTANCE CORPORATION.

Webb, Judge.

At issue is whether the lien of an attorney under Code § 9-613 for services to his client in collecting insurance proceeds under an automobile casualty policy is superior to the rights of his client's mortgage lienholder to whom loss is payable under a mortgagee clause attached to the policy.

On August 2, 1974, Joseph L. Bright purchased from Duke Buick, Inc. a 1974 Buick automobile, and executed an instalment sales contract to the seller, who transferred the contract to General Motors Acceptance Corporation. The certificate of title named GMAC as first lienholder and remained in GMAC's possession. Contemporaneously with the execution of the sales contract Bright purchased casualty insurance from Motors Insurance Corporation. The policy named GMAC as loss payee and contained a "New York Standard mortgagee clause," providing in material part: "Loss or damage, if any, under the policy shall be payable as interest may appear to the Lienholder . . . Whenever a payment of any nature becomes due under the policy, separate payment may be made to each party at interest provided the company protects the equity of all parties."

A month later, on September 4, the automobile was totally destroyed by fire. Bright and Motors Insurance disagreed as to the value of the automobile at the time of the fire and on September 17, Bright retained T. P. Leiden, an attorney, to represent him on a contingent fee basis of one-third of all money recovered from Motors

Insurance under the insurance contract. There is no allegation nor anything in the record to show that there was ever any contract of employment, either express or implied, between the appellant attorney and GMAC. After some correspondence, telephone calls and "negotiations" by the appellant, a settlement of $5,350 was obtained in the latter part of December, and Motors Insurance issued a check jointly to GMAC, Joseph L. Bright and the appellant.

GMAC refused to endorse the check or to pay the attorney fee for the collection of the insurance proceeds. Appellant deposited the check in the Civil Court of Richmond County and instituted the instant action for his fee, claiming that the attorney's lien under Code § 9-613 took precedence over any lien of GMAC and requesting judgment in the amount of $1,783.33. GMAC filed its motion to dismiss which was converted to a motion for summary judgment by consent of counsel. After stipulations of issues and facts and hearing argument by both parties the court granted the motion for summary judgment and ordered that the check be negotiated and GMAC paid $5,268.30, the amount owed under the instalment contract, with the balance to be paid to appellant as Bright's counsel. Leiden appeals.

We affirm. The trial judge correctly held that: appellant's lien on the insurance proceeds was not superior to that of GMAC within the purview of Code § 9-613. The pertinent sections of that statute provide as follows:

"1. Attorneys at law shall have a lien on all papers and money of their clients in their possession, for services rendered to them, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.

"2. Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied; *and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them.*" (Emphasis

supplied.)

There is no dispute as to the validity of GMAC's lien. There is no dispute that Bright was indebted to GMAC for the balance owing on his contract and there is no dispute that Bright was entitled only to his equity in the automobile, i.e., its value over and above the balance owing to GMAC. Clearly Bright was not entitled to the entire amount of the insurance proceeds paid in settlement of the fire loss of the automobile.[1] Thus, under the facts here and construing the statute strictly as we must since it is in derogation of common law, no attorney's lien arises thereunder on behalf of the appellant as to those funds belonging to GMAC. See *Woodward v. Lawson,* 225 Ga. 261 (2) (167 SE2d 660).

The case of *John J. Woodside Co. v. Irwin,* 79 Ga. App. 252 (53 SE2d 246), relied upon by appellant, is not applicable here. He concedes that there was never any contract of employment between him and GMAC. While he may have earned his fee, his claim to the insurance proceeds is subject to the contract rights of GMAC under the policy.

Although the factual situation encountered here seems to be one of first impression in Georgia, the view we take is accepted elsewhere. It is well established law in Arkansas that where a mortgage requires the mortgagor to carry insurance for the protection of the mortgagee and

---

[1] " '[W]here to the policy of insurance there is attached in favor of the mortgagee what is known as the "New York standard mortgagee clause," by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract for insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor. [Cits.]' " *Employers' Fire Ins. Co. v. Pa. Millers Mut. Ins. Co.,* 116 Ga. App. 433, 436 (157 SE2d 807); *Aetna Life &c. Co. v. Charles S. Martin Distributing Co.,* 120 Ga. App. 133 (169 SE2d 695).

the policy carries a loss payable clause in favor of the mortgagee, such as the one in the instant action, "the parties have effected a pre-appropriation of insurance proceeds to payment of the mortgage debt, and such proceeds cannot be used for any other purpose without the consent of both parties. [Cits.]" Sureck v. United States Fidelity & Guaranty Co., 353 FSupp. 807, 810 (1973).

The interest of Bright as the principal insured was limited to his equity in the automobile, and the lien of his attorney could be no greater. The lien of the mortgagee is superior to the lien of the mortgagor's attorney.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 30, 1975 — REHEARING DENIED OCTOBER 22, 1975.

*Leiden & CoCroft, L. Daniel Butler,* for appellant.
*Lanier, Powell, Cooper & Cooper, Roger W. Dunaway, Jr.,* for appellee.