### 60833. MATHIS v. ROCK SPRINGS WHOLESALE COMPANY, INC. et al.

SOGNIER, Judge.

On March 16, 1976 appellant, Frances Mathis, sold a tract of land with a building thereon, located in Rock Springs, Georgia, to Richard F. Cordell and Diane Hicks (not parties to this suit). Cordell and Hicks gave Mrs. Mathis a note for $20,000 and a deed to secure the note. In the security deed, Cordell and Hicks agreed "to maintain a sufficient amount of fire insurance on building on this property with loss payable . . . to protect the interest of . . ." [Frances Mathis]

On November 26, 1976 Cordell and Hicks conveyed the property to appellee, C. E. Mathis. He assumed the outstanding debt to Frances Mathis and agreed to be bound by all terms, provisions, and obligations contained in the security deed and the note secured thereby, including the obligation to maintain fire insurance. C. E. Mathis and Rock Springs Wholesale Company, Inc. (Rock Springs had leased the property) took out fire insurance with Federated Mutual Insurance Company (hereafter Federated Mutual). On January 29, 1979 Frances Mathis transferred the note and security deed to the Bank of LaFayette, Georgia with full recourse against her. On March 16, 1979 the insured building was damaged by fire, and was restored by Rock Springs Wholesale Company, Inc. and C. E. Mathis. On May 7, 1979 the insurer issued a settlement draft in the amount of $24,739.31 as the agreed amount of loss. The note and deed to secure debt were transferred back to Mrs. Mathis on June 5, 1979 without recourse on the bank. The three defendants (now appellant and appellees) refused to endorse the draft and each claimed entitlement to proceeds of the draft for the loss. Federated Mutual paid the money into court, naming all parties as claimants and required them to interplead. Federated Mutual was dismissed as a party, and each defendant filed a motion for summary judgment.

The trial court granted appellees' motions for summary judgment and denied appellant's summary judgment on the ground "that at the time of the fire loss in question, which occurred on March

16, 1979, Frances Mathis had no interest as mortgagee under said policy provisions for the reason that she had assigned and transferred all of her interest as mortgagee to the Bank of LaFayette on January 26, 1979, and that the Bank of LaFayette was the holder of said security deed from January 26, 1979 until June 5, 1979, when said bank reassigned the security deed to Frances Mathis." The trial court dismissed appellant's claim in interpleader and ordered the entire fund paid to appellees. Mrs. Mathis appeals.

Appellant alleges the trial court erred because ". . . Such rulings were based on an erroneous conclusion of law, mainly that the mortgagee, Frances Mathis, had deprived herself of an insurable interest in the mortgaged property by temporarily assigning the security deed and note to a third party as collateral for a loan."

A New York standard mortgage clause is involved in this fire insurance contract. The liability of the insurer to a mortgagee-loss payee under a New York Standard mortgage clause is to be determined by the rights of the mortgagee at the time of the fire. *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.,* 114 Ga. App. 411 (151 SE2d 541) (1966). The contract of insurance contained in the standard mortgage clause operates " '. . . as a separate and distinct contract for insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor.' " *Leiden v. Gen. Motors &c. Corp.,* 136 Ga. App. 268, 270 (fn. 1) (220 SE2d 716) (1975).

Mrs. Mathis' assignment of the security deed and note did not deprive her of all insurable interest. The assignment was made "with recourse." "The term 'recourse' is defined generally as meaning a resort for the meeting of an obligation; a seeking of an expedient means for an end; a source of help or supply. In ordinary legal and common usage, it means a resort to a person who is secondarily liable after the default of the person who is primarily liable." 76 CJS p. 170. In the case sub judice, Mrs. Mathis was thus secondarily liable as a mortgagee and as such had an insurable interest remaining as defined in *American Reliable Ins. Co. v. Woodward,* 143 Ga. App. 652 (239 SE2d 543) (1977).

Neither the insurer nor the bank contests Mrs. Mathis' right under the mortgage clause. The only dispute over entitlement to the insurance proceeds is between appellant and appellees.

The appellant having an insurable interest in the proceeds, the court erred in granting summary judgment to appellees.

We turn now to appellant's second enumeration of error. Should the court grant summary judgment to appellant? Appellees'

pleadings raise the issue of estoppel. The unrebutted allegation that appellant was on the premises during reconstruction and raised no protest raised the issue of equitable estoppel. As a factual determination, estoppel is a matter to be determined by a jury. *Employees Assur. Soc. v. Bush,* 105 Ga. App. 190, 195 (123 SE2d 908) (1962); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474) (1960). If in fact appellant is estopped, an additional fact question arises, viz., did appellees use all of the proceeds of the policy to restore the damaged property? *McWaters v. Frederick W. Berens, Inc.,* 143 Ga. App. 392 (238 SE2d 717) (1977).

As there is an unresolved factual issue for jury resolution raised by appellees' pleadings, the court did not err in denying appellant's motion for summary judgment. *Allen & Bean Inc. v. American &c. Ins. Co.,* 153 Ga. App. 617 (266 SE2d 295) (1980); *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 714 (175 SE2d 116) (1970).

The granting of summary judgment for appellee is reversed. Denial of summary judgment for appellant is sustained.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 3, 1981.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*James B. Hamilton, C. Donald Peppers, James A. Secord,* for appellees.