62762. UNITED SERVICES AUTOMOBILE ASSOCIATION v. ALLSTATE INSURANCE COMPANY.

SHULMAN, Presiding Judge.

William C. Brumlow sold a house to the Samples' on December 4, 1975. At the time of the sale, the house was covered by a homeowners insurance policy issued by Allstate to Brumlow. Brumlow represented to the Samples' that he would assign or transfer the policy to them and there was, in fact, a request submitted to Allstate that the policy be amended to show the Samples' as the insureds and Brumlow as mortgagee, removing as mortgagee the bank which had held Brumlow's note and deed to secure debt. (The bank, to facilitate the sale, transferred its interest to Brumlow by quitclaim deed.) Subsequent to the sale of the house, Mr. Samples spoke to an agent of Allstate concerning claims under the policy. None of the claims was honored by Allstate because they were not within the scope of coverage. Between the date of sale and the end of 1975, Mr. Samples secured a homeowners policy from appellant (hereinafter "USAA"). He subsequently called Allstate's agent and requested that the Allstate policy be cancelled effective January 2, 1976, the effective date of the policy issued by USAA. On January 10, 1976, the house was extensively damaged by fire. On January 12, 1976, Brumlow paid a premium on the Allstate policy for the purpose of preventing it from lapsing for nonpayment of premiums. The policy was officially cancelled by Allstate in March of 1976. The Samples' received payment from USAA under their policy and executed a loan receipt. USAA brought this suit against Allstate seeking reimbursement of the money it paid to the Samples' or, at least, a contribution of half that money. At the close of USAA's case, the trial court granted Allstate's motion for a directed verdict. This appeal is from the judgment on that verdict.

1. One of the bases on which the trial court granted the directed verdict to Allstate was that USAA failed to show that the policy was effectively transferred to the Samples' in accordance with policy provisions or that Allstate had waived the nonassignability clause of the policy by its conduct. USAA insists that Samples' testimony that

he received a letter from an agent of Allstate identifying the author as his agent and asking whether he (the agent) could do anything for Mr. Samples was sufficient evidence to take to the jury the issue of waiver of the clause prohibiting assignment of the policy without the written consent of Allstate. After a review of the record in this case, we are convinced that the evidence demands a judgment for Allstate whether the policy was effectively assigned or not.

If the policy was not effectively assigned, the Samples' would have no coverage and USAA, having based this action on subrogation, would have no right to contribution from Allstate. If the policy was effectively assigned or if Allstate's conduct was such as to lead the Samples' to believe they were insured (see, e.g., *State Farm Fire &c. Co. v. Mills Plumbing Co.,* 152 Ga. App. 531 (1) (263 SE2d 270)), the evidence shows without dispute that Mr. Samples cancelled it, at least as to him. *DeLaPerriere v. American Home Assur. Ins. Co.,* 106 Ga. App. 516 (127 SE2d 478). Therefore, since the evidence demands the conclusion that the Samples' were not covered by the Allstate policy at the time of the fire, the trial court was correct in granting Allstate's motion for a directed verdict as to that portion of the complaint based on the Samples' interest in the insured property.

2. The second basis asserted by USAA for recovery under the Allstate policy was that USAA was subrogated to the interests of Brumlow and the bank which had held a deed to secure debt from Brumlow and to whom Brumlow assigned the deed to secure debt from the Samples'. The trial court granted a directed verdict on the ground that neither of those parties had an insurable interest in the property at the time of the fire.

Our review of the record reveals that whether or not those parties held insurable interests in the property at the time of the fire (but see *Mathis v. Rock Springs Wholesale Co.,* 157 Ga. App. 726 (278 SE2d 484)), the evidence demands a verdict for Allstate on the portion of the case depending on subrogation of their interests. The reason is that the evidence shows without dispute that no loss was suffered by those parties. Mr. Brumlow testified that the debt secured by the deed to secure debt which he took from the Samples' had been paid in full. That being so, neither Brumlow nor the Bank suffered any loss from the fire. *Huckaby v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 493 (231 SE2d 378). It follows that judgment for Allstate, was demanded on this claim.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 26, 1982 —
REHEARING DENIED FEBRUARY 17, 1982 —

*Henry Angel, William E. Turnipseed, John C. Parker,* for appellant.
*Dennis J. Webb, Brian A. Boyle,* for appellee.