## 69488. WHITAKER v. RANOW.
### (327 SE2d 855)

SOGNIER, Judge.

James M. Ranow brought this action against H. J. Whitaker for conversion of insurance proceeds and for other damages relating to a truck purchased by Ranow from Whitaker. The trial court directed a verdict in favor of Ranow for the insurance proceeds and Whitaker appeals.

Appellee financed the purchase price of the truck through a commercial bank loan guaranteed by appellant. Appellant held physical damage insurance on the truck which expired one month after the sale and the parties agreed that appellee would reimburse appellant the pro rata amount of insurance premiums for that period. When appellant discovered that appellee had not renewed or obtained another policy on its expiration, appellant procured a second policy. On the effective date of the second policy appellee was injured and the truck was wrecked in an accident. Appellee's credit disability policy paid the balance of the bank loan but the proceeds under the property damage insurance policy taken out by appellant on appellee's truck were paid to appellant.

A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983); *Macon Tel. Pub. Co. v . Elliott*, 165 Ga. App. 719, 722 (2) (302 SE2d 692) (1983). The terms of the parties' agreement regarding property damage insurance were disputed. Appellant testified that appellee was to purchase his own policy after the existing one expired. Appellee testified that appellant agreed to continue the property damage insurance on appellee's behalf and to charge appellee for the premiums. This conflict in the testimony raised a question of fact for the jury as to which party was entitled to the proceeds from the policy. See OCGA § 9-11-50 (a); *Carver*, supra; *Elliott*, supra.

We find no merit in appellee's argument that appellant is not entitled to the insurance proceeds as a matter of law because he had no

insurable interest in the truck. Lack of an insurable interest is a defense available to the insurance company which did not raise it in this instance. See OCGA § 33-24-4 (b). Moreover, appellant was the guarantor of appellee's bank loan for the truck and as such had an insurable interest as defined in *American Reliable Ins. Co. v. Woodward*, 143 Ga. App. 652, 653 (1) (239 SE2d 543) (1977). OCGA § 33-24-4 (a); see *Mathis v. Rock Springs Wholesale Co.*, 157 Ga. App. 726, 727 (278 SE2d 484) (1981).

Because the evidence raises an unresolved issue of material fact for jury resolution, the trial court erred by directing a verdict in favor of appellee for the insurance proceeds. OCGA § 9-11-50 (a).

*Judgment reversed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985.

*William J. Murray*, for appellant.
*G. Leonard Liggin*, for appellee.