**John PICA, M.D., Plaintiff,**

v.

**PROFESSIONAL RISK INSURERS MANAGEMENT EXCLUSIVE, LTD., Defendant.**

**No. 84 Civ. 8900 (DNE).**

United States District Court, S.D. New York.

Aug. 7, 1985.

Dweck and Sladkus, New York City (Michael S. Aranoff & Jack S. Dweck, New York City, of counsel), for plaintiff.

Spitz, Spitz & Fedorchak, Poughkeepsie, N.Y., (Andrew L. Spitz, Poughkeepsie, N.Y., of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff, John Pica, M.D. ("Pica"), seeks to recover premiums paid to defendant Professional Risk Insurers Management Exclusive, Ltd. ("PRIME") as part of a medical malpractice insurance policy that plaintiff contends he cancelled. The resolution of this case rests on whether surrender of the policy was required to effect the cancellation. Plaintiff has moved for summary judgment. The motion is hereby denied.

## FACTUAL BACKGROUND

The essential facts in this action are not in dispute. Plaintiff entered into a contract of insurance with PRIME for medical malpractice liability coverage and was issued a policy. The policy was effective for one year as of August 1, 1983. Pica forwarded to defendant a notice of cancellation of the policy dated October 5, 1983 which was received by defendant. Plaintiff does not claim to have surrendered the policy. Defendant has refused to remit any portion of the premiums already paid by plaintiff claiming that notice of cancellation is not sufficient to cancel the policy. PRIME

contends that pursuant to the terms of the policy both notice of cancellation and surrender of the policy are conditions to cancellation.

## DISCUSSION

The policy in this case under the section labeled "Other Conditions" states:

> This policy may be cancelled by the Named Insured by surrender thereof to the Company and by mailing to the aforementioned written notice stating when thereafter cancellation shall be effective. If cancelled by the Insured, the Company shall retain the customary short rate proportion of the premium.

The policy clearly establishes surrender of the policy and notice of cancellation as conditions to cancellation. Such a provision is binding on the insured. *Lofaro v. John Hancock Mutual Life Insurance Co.*, 239 A.D. 54, 57, 265 N.Y.S. 724 (4th Dep't 1933), *aff'd mem.*, 272 N.Y. 627, 5 N.E.2d 365 (1934); 17 G. Couch, Cyclopedia of Insurance Law § 67:271, at 717 (1983). Pica does not claim to have surrendered the policy and has not alleged satisfaction of the conditions for cancellation.

Pica contends that surrender of a policy is not required to cancel an insurance contract. This general statement of the law can be misleading because it does not set forth any exceptions to the rule. *Absent any provision in the policy conditioning cancellation on surrender*, surrender of the policy is not required to cancel the contract. All that is required is notice of the cancellation. Surrender, however, is required when the policy so provides.

In *Mutual Creamery Insurance Co. v. Iowa National Mutual Insurance Co.*, 294 F.Supp. 337, 341 (D.Minn.1969), the court did not require surrender of the policy when the policy contained the following clause:

> This policy shall be cancelled at any time at the request of the insured, in which case this company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time.

It is clear that surrender was not a condition of cancellation but rather a condition to the refund of the premiums. While the defendant claimed that surrender was required, the court examined the terms of the policy and determined that it was office policy not to cancel the contract until the insurance company had possession of the policy. The terms of the contract were enforced and surrender was not required. When presented with an identical policy, the court in *Commercial Standard Insurance Co. v. Farmers Alliance Mutual Insurance Co.*, 385 F.2d 826 (10th Cir.1967), reached the same conclusion.[1]

A different situation was presented in *Palardy v. Canadian Universal Insurance Co.*, 360 F.2d 1007 (2d Cir.1966). The policy contained the following provision:

> This policy may be cancelled by the named insured by the surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective.

360 F.2d at 1009. Thus, cancellation could be effected by either surrender or written notice.

In *Lofaro v. John Hancock Mutual Life Insurance Co.*, 239 A.D. 54, 265 N.Y.S. 724 (4th Dep't 1933), *aff'd mem.*, 272 N.Y. 627, 5 N.E.2d 365 (1934), the policy provided that coverage could be discontinued "upon the request of the insured and upon presentation of the policy to the company." 239 A.D. at 55, 265 N.Y.S. 724. The court found the cancellation must be made in accordance with the requirements imposed by the policy: both notice and surrender. *Id.* at 56, 265 N.Y.S. 724.

---

1. The court in *Commercial Standard* agreed with the interpretation of an identical policy in *DeLaPerriere v. American Home Assurance Insurance Co.*, 106 Ga.App. 516, 127 S.E.2d 478 (1962), where the court stated that "The language of this policy does not require a surrender of the policy to effect a termination." *Id.*, 127 S.E.2d at 480. Thus, it is the language of the policy that may establish conditions for cancellation.

**538**

The policy in this case clearly establishes surrender as a condition to cancellation. Plaintiff has not alleged satisfaction of all of the conditions precedent to defendant's liability, specifically surrender. The motion for summary judgment must therefore be denied.[2]

### CONCLUSION

Surrender of the policy is required to cancel the insurance contract. Plaintiff, who seeks to recover premiums paid to defendant, has failed to allege that such surrender was made. Plaintiff is not entitled to summary judgment. The motion is hereby denied.

SO ORDERED.

**2.** Plaintiff contends that the motion for summary judgment must be granted because defendant's affidavit in opposition "does not rise to the sufficiency required by Rule 56" of the Federal Rules of Civil Procedure. The affidavit of defendant's counsel submitted in opposition to the motion is likely not to be based on personal knowledge as required by the rule; however, this is not a sufficient basis to grant the motion in this case. The rule provides that:

When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him. In light of the court's conclusion of law that surrender is a condition to cancellation of this policy, summary judgment is not "appropriate" because plaintiff has not alleged that surrender was made. Therefore, an affidavit based on personal knowledge need not be submitted to avoid the entry of judgment.