21316.   DUNN *et al.* v. TRAVELERS
INDEMNITY COMPANY.

ARGUED SEPTEMBER 11, 1961—DECIDED OCTOBER 24, 1961—
REHEARING DENIED NOVEMBER 10, 1961.

*Walton Hardin, Robert E. Knox,* for plaintiffs in error.
*Clement E. Sutton, Harry L. Greene,* contra.

GRICE, Justice.   The issue here is coverage under a policy of liability insurance, specifically, the use of the vehicle involved. It arose upon a suit filed by an insurance company against its insured, an injured party, and the latter's attorney, for a declaratory judgment.   The salient events of the litigation may be recounted as follows.

Travelers Indemnity Company brought its petition in the Superior Court of Wilkes County against William C. Callaway, Daniel Lee Dunn, and Walton Hardin, seeking to have the court declare and decree as follows: that an attached policy of insurance issued by the plaintiff to the defendant Callaway did not protect or afford liability coverage to him while he was using one of his trucks insured thereunder in hauling for a concern other than Wilkes Construction Company and that the plaintiff was not liable to the defendant Dunn for any injuries which he may have sustained on June 9, 1958, in an accident involving such truck when he was riding in it.   The petition recited that the defendant Hardin was attorney for defendant Dunn in a suit for damages against the defendant Callaway, pending in the same court.

In the policy above referred to, under the heading of "Declarations," Item 1 names the insured and recites his occupation as "asphalt and gravel hauler"; Item 2 specifies the policy period and describes the vehicles insured; and Item 4 gives the types of insurance coverage, limits of liability, and premium. Next, in Item 5, appear the printed words: "The purposes for which the automobile is to be used are" and in immediate connection is the typed statement: "CL-7CA-Hauls for one concern—Wilkes Construction Co." To the right in the same Item 5 is printed: "('Pleasure and Business,' unless otherwise stated herein; 'C' means 'Commercial.')."

Preceding the portion of the policy headed "Insuring Agreements" is the recitation that the agreement is "in reliance upon the statements in the declarations . . . ." Number 6 of the policy's "Conditions" states: "Purpose of Use Defined . . . (b) the term 'commercial' is defined as use principally in the business occupation of the named insured as stated in Item 1 [of the Declarations], including occasional use for personal, pleasure, family and other business purposes . . . . " The last Condition recites that the issuance of the policy is in reliance upon the truth of the statements made by the insured in the declarations.

The defendants answered, denying the material allegations of the petition. The defendant Callaway interposed the additional defense that the policy is ambiguous and susceptible to more than one construction, including that of coverage for Dunn's injury. One of the prayers was a request for judgment declaring coverage.

Upon the trial, the evidence included this policy of insurance, and established that the defendant Dunn's injury occurred while the insured's truck was being used in hauling for Wilkes County, Georgia, instead of for Wilkes Construction Company.

At the conclusion of the evidence each side moved for direction of a verdict in its favor. The court directed for the plaintiff in accordance with its requested declaration and entered judgment accordingly. Subsequently, the defendants made motions for a new trial and for a judgment notwithstanding the verdict so rendered. Both were denied.

Assigning error upon the denial of those motions, the defendants took the case to the Court of Appeals, which affirmed the trial court (103 Ga. App. 669, 120 SE2d 631). Five judges held that the policy covered the use of the vehicle only while hauling for the Wilkes Construction Company and in "occasional use" for personal, pleasure, family and other business purposes; and they also held that, under the evidence, the injury did not occur within such "occasional use" as provided in the policy. Two judges dissented upon the ground that coverage was not restricted to hauling for Wilkes Construction Company, named in the policy, but extended to other hauling within the insured's occupation and to "occasional use" for the other named purposes. The eighth judge dissented upon a jurisdictional ground and the ninth did not participate.

The case came to this court by writ of certiorari.

1. The respondent moved to dismiss the petition for certiorari as having been improvidently granted for petitioner's noncompliance with Rule 49 of this court (*Code* § 24-4553), which requires that the same contentions made in the petition for certiorari must have been embraced in the motion for rehearing in the Court of Appeals. This motion is, upon consideration, denied.

2. Reported cases provide little assistance in interpretation where the language of the documents involved is not the same. We have found no case with facts closely resembling those in the instant situation. Therefore, in ascertaining the intent of the parties here, we must construe the policy in accordance with what appears to us to be logic and common sense.

The wording relied upon in Item 5 of the declarations, "The purposes for which the automobile is to be used are" followed by "CL-7CA-Hauls for one concern—Wilkes Construction Co.," considered either alone or with the other provisions of the policy, does not support an interpretation which results in restricting coverage for hauling to only that done for Wilkes Construction Company.

A broad look at the remainder of the same Item 5 and beyond, to the four corners of the document under scrutiny, should make this clear. Accompanying the above quoted portion of

Item 5 is the further statement: "('Pleasure and Business,' unless otherwise stated herein; 'C' means 'Commercial')." Thus, the letter "C" in "CL-7CA-Hauls for one concern—Wilkes Construction Co.," furnishes the key. It in effect incorporates into Item 5 the provisions of Condition 6, which recites: "Purposes of Use Defined. . . (b) the term *'commercial'* is defined as use *principally* in the *business occupation* of the named insured *as stated in Item 1,* including occasional use for personal, pleasure, family and other business purposes. . ." (Emphasis supplied.) The insured's occupation is stated in Item 1 of the Declarations as "asphalt and gravel hauler."

The facts supplied by Callaway for recital in Item 5 were true. He hauled for only one concern at any particular time. At the time he gave the information for the Declarations he was hauling only for Wilkes Construction Company. When the injury occurred, he was hauling for only Wilkes County. The extract from Item 5 does not state that coverage for hauling exists only while the vehicle is used for Wilkes Construction Company, or that coverage will cease if the insured changes his employment. Hence the use of the truck was in accordance with the declaration as to its purpose.

The evidence points to the same conclusion as the language of the policy. The insured's testimony was that the name of the concern for which he was working was inserted in Item 5 of the Declarations because the insurance agent told him such inclusion would result in a lower premium; and that "Prior to the service of the suit . . . I had no indication of any nature that I had other than general coverage." The testimony offered by the insurance company included its agent's statement that Callaway was hauling for Wilkes Construction Company when he obtained the policy "and that is the way it was written on the application." The agent continued, "It wasn't restricted; it wouldn't be considered a restricted policy. It was a general policy so long as he was hauling for one concern."

The policy insured the defendant Callaway, whose occupation was an asphalt and gravel hauler. That occupation is paramount in ascertaining coverage. Employment for a particular concern is not. Coverage continued from the first employment

to the second, when the injury occurred, since the truck continued to be used for the same general purpose. Coverage is on account of *commercial* use, indicated by "CL-7CA" in Item 5 of the Declarations, and defined in Condition 6 as "use *principally* in the business *occupation* of the named insured as stated in Item 1 [asphalt and gravel hauler], including occasional use for personal, pleasure, family and other business purposes. . ." (Emphasis supplied.)

Thus, the policy, as we interpret it, covers (1) principal use in Callaway's occupation of hauling asphalt and gravel, and (2) occasional use for four other purposes enumerated.

In this connection, it is of no consequence that the evidence refers to the subject matter of the hauling for Wilkes County as soil instead of gravel. This is not a material variance. See Black's Law Dictionary (4th ed., 1951), p. 1563.

Since the insured was engaged in his stated occupation at the time of the accident, we are not concerned here with the "occasional use" feature of the policy. It is, therefore, not necessary to review the evidence so as to consider the quantity of use of this truck in hauling for Wilkes County, or to compare that hauling with the hauling for Wilkes Construction Company to determine whether the hauling for Wilkes County was "occasional use." Such inquiry is beside the point.

This interpretation, as we view the language of the policy, is demanded as a matter of law. If any support be needed, it is provided by the well established rule that, if the policy or contract of insurance is fairly susceptible of more than one construction, the interpretation most favorable to the insured will be given effect.

Therefore, we hold that the policy afforded coverage as to the use of the vehicle at the time of the accident.

*Judgment reversed. All the Justices concur.*