39774.   UTICA MUTUAL INSURANCE COMPANY
v. DUNN.

CARLISLE, Presiding Judge.  This was a suit brought to compel the defendant insurance company, alleged to have been the liability insurance carrier of one H. B. Russell, against whom the plaintiff had secured a judgment on account of the negligent operation of the allegedly insured vehicle, to pay the judgment.  There is attached to the petition a copy of the contract of insurance issued to H. B. Russell on May 5, 1958, for a policy period beginning June 6, 1958.  The policy has attached thereto and as a part thereof an indorsement dated May 9, 1958, and by its terms made effective on June 6, 1958, which indorsement provides in part as follows:  "It is agreed that such insurance as is afforded by the policy for bodily injury liability . . . with respect to the automobile described below . . . applies only while the automobile is used . . . in hauling for one concern, including the return trip in connection therewith, any property for the concern designated below."  The automobile truck described in this indorsement was the vehicle involved in the collision and the "designated concern" was R. G. Foster & Company, Wadley, Georgia.  The petition, together with the attached exhibits, shows that Russell, the party against whom plaintiff holds a judgment, was at the time of the collision in question hauling, not for R. G. Foster & Company, but solely and exclusively for Wilkes County, Georgia.

1. " 'Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. *Code* § 56-815; *Golden v. National Life & Accident Insurance Co.*, 189 Ga. 79 (2), 87 (5 SE2d 198, 125 ALR 838). Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Insurance Co. v. Marshall*, 49 Ga. App. 287 (1) (175 SE 412). Where the meaning is plain and obvious, it should be treated as literally provided therein. *Daniel v. Jefferson Standard Life Insurance Co.*, 52 Ga. App. 620 (2) (184 SE 366).' *Genone v. Citizens Ins. Co. of N. J.*, 207 Ga. 83, 86 (1) (60 SE2d 125)." *Queen Ins. Co. v. Nalley Discount Co.*, 215 Ga. 837, 838 (1) (114 SE2d 21). The substance of the Code section cited in the foregoing quotation (which Code section is applicable under the facts of this case) is now embodied in the provisions of § 56-2419 of the Code Annotated (1960 Rev.), which reads as follows: "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy. (Acts 1960, pp. 289, 667)."

2. There being no attack made in the petition upon the indorsement issued on May 9, 1958, on the ground that it was void for want of consideration (29 Am. Jur. 700, Insurance, § 336), the policy of insurance relied on must be construed in its entirety, and, under the principles announced in the foregoing headnote, effect must be given to all of its provisions, including all indorsements attached thereto. The wording of the indorsement issued on May 9th limiting the coverage is plain and unambiguous, and clearly provides that no coverage shall be afforded to the vehicle involved except while it is being used in hauling for R. G. Foster & Co. Since the petition, together with the exhibits, shows that the party, against whom plaintiff holds a judgment, and who plaintiff claims is afforded insurance protection by the exhibited policy, was at the time of the collision involved hauling solely for Wilkes County and not for R. G. Foster & Co., it shows that the defendant insurance company had no coverage on the vehicle at the time of the collision in question, and for this reason it

fails to state a cause of action against the defendant insurance company. It follows that the trial judge erred in overruling the general demurrer of the defendant to the redrafted and substituted petition filed by the plaintiff.

3. This case is clearly distinguishable from *Dunn v. Travelers Indem. Co.*, 217 Ga. 426 (122 SE2d 518) which arose out of the same occurrence as is here involved. There the agreement was ambiguous and was construed to be no more than that the insured would haul for no more than one concern at a time. Here the provision restricting the coverage, which was inserted in the policy by way of an indorsement or rider, is not ambiguous and admits of no construction. The rider being more specific in defining the extent of the insurance company's liability and having been executed subsequently to the date the policy was issued, and thus being a later expression of the intent of the parties, must control over any contrary provision of the policy. See 29 Am. Jur. 638, Insurance, § 256.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED OCTOBER 16, 1962—
REHEARING DENIED NOVEMBER 8, 1962.

*Wilbur A. Orr, Jr.*, for plaintiff in error.
*Walton Hardin*, contra.

