## 40292.   DUNN v. UTICA MUTUAL INSURANCE COMPANY.

DECIDED SEPTEMBER 24, 1963.

*James H. Moore, Walton Hardin, Harry L. Greene,* for plaintiff in error.

*Wilbur A. Orr, Jr.,* contra.

HALL, Judge. The policy was issued on May 5, 1958, to become effective on June 6, 1958, for a period of one year. It covered generally the insured's legal liability arising out of the ownership, maintenance or use of the insured automobile. The indorsement dated May 9, 1958, restricted this coverage to use of the automobile when hauling for one named concern. The indorsement stated it was effective from June 6, 1958. A consideration is necessary for the valid modification of the coverage provisions of an insurance policy, whether the effect of the modification is to extend or limit the risks against which the insurance affords protection. Wackerle v. Pacific Employers Ins. Co., 219 F2d 1 (8th Cir. 1955) ; Bassi v. Springfield Fire & Marine Ins. Co., 57 Cal. App. 707 (208 P 154) ; Rice v. Provident Life Ins. Co., 231 Mo. App. 560 (102 SW2d 147) ; 29 Am. Jur. 700, § 336; 52 ALR2d 826, 827; 44 CJS 1120, § 281.

In some cases where the indorsement restricting coverage, or the evidence, has shown that the insurer declined to exercise its right to cancel or to reject a renewal of the policy in consideration for the insured's agreement to a restrictive indorsement, the forbearance by the insurer has been held to be a sufficient consideration for the indorsement. Johnson v. Central National Ins. Co. of Omaha, 210 Tenn. 24 (356 SW2d 277) ; Federal Life & Cas. Co. v. Robinson, 28 Ala. App. 1 (178 S 549) ; Ellis v. Southern Farm Bureau Cas. Co., 233 Miss. 840 (103 S2d 357). Such facts do not appear in the pleadings before this court in the present case.

The defendant contends that this case presents an exception to the principle that a consideration is necessary to the validity of a modification of an insurance contract because, while the indorsement was issued after the original contract, it was issued before the date coverage was to be afforded by the original policy and bore the same effective date. This contention is contrary to

our understanding of contract law generally applicable to insurance contracts. The insurance policy shows that it was issued on May 5, 1958. Its terms were established on that date, and consideration would be essential to make a modification after that date binding on the parties. Accord *Metropolitan Life Ins. Co. v. Thompson,* 20 Ga. App. 706 (93 SE 299); *Life & Cas. Ins. Co. of Tenn. v. Palmer,* 48 Ga. App. 380, 381 (172 SE 823).

The trial judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*