111 Ga. App. 793 (1965)
143 S.E.2d 425
UTICA MUTUAL INSURANCE COMPANY
v.
DUNN.
41262.
Court of Appeals of Georgia.
Argued April 5, 1965.
Decided May 19, 1965.
Rehearing Denied June 10, 1965.
*794 Wilbur A. Orr, for plaintiff in error.
Walton Hardin, Harry L. Greene, Thomas B. Branch, III, contra.
FELTON, Chief Judge.
This is the third appearance of this case in this court. For questions involved, etc., see Utica Mut. Ins. Co. v. Dunn, 106 Ga. App. 877 (129 SE2d 94), and Dunn v. Utica Mut. Ins. Co., 108 Ga. App. 368 (133 SE2d 60). In the first opinion above it was held that the petition did not state a cause of action because it was not alleged therein that the endorsement attached to the policy and dated May 9, 1958, was void for want of consideration. Before the remittitur in the case just referred to was made the judgment of the trial court, plaintiff Dunn amended his petition by alleging that the endorsement was void for want of consideration. The trial court sustained the general demurrer to the petition as thus amended and dismissed the action. In the second decision by this court, above cited, this court reversed the judgment of the trial court which sustained the general demurrer. On the trial the only question involved was whether the endorsement was without consideration. These rulings in the two above cited appeals constitute the law of the case under the facts appearing in the record as of the time of the decisions of this court. The petition was amended and redrafted, but it contained one allegation which was common to all versions, and that was as follows: "Prior to June 9, 1958, the defendant executed and issued to H. Boyd Russell a policy of liability insurance in the sum of $10,000." In deciding the one question which was decided, this court necessarily based its ruling on the allegation of the petition that prior to June 9, 1958, the defendant executed and issued to H. Boyd Russell a policy of liability insurance. The endorsement, which is the heart of the dispute, was attached to the policy on May 9, 1958. The policy was dated May 5, 1958, to become effective June 6, 1958. If the policy was issued by delivery to the insured Russell prior to May 9, 1958, and the endorsement was placed on the policy after it was contracted for and delivered *795 to the insured it was necessary that there be a consideration for the restrictive endorsement as to the truck insured for the endorsement to be binding on the insured. The evidence showed without dispute that there was no consideration for the endorsement if it was attached after delivery of the policy. All of the rulings by this court on the question of consideration for the endorsement would not be germane or applicable to the question now involved, for the reason that if the policy, having attached thereto the endorsement limiting coverage, became one instrument before the delivery of the policy plus endorsement to the insured, then there would be no necessity for an additional consideration for the endorsement, because the consideration paid by the insured was one total consideration which was given for the policy plus the endorsement, which was for limited coverage only. It should be borne in mind that the policy was not to become effective until June 6, 1958, and even though it was dated May 5, 1958, the insurance company had a right to amend, correct, alter or do anything toward determining and completing the terms of the instrument before it was delivered to the insured and made final. There is no evidence whatsoever in this case showing that the policy was delivered to the insured, H. Boyd Russell, prior to the time when the restrictive endorsement was attached thereto and therefore the plaintiff in the trial court failed to carry the burden of showing that there was a necessity for the consideration for the endorsement because such additional consideration was necessary only if the policy was delivered before the restrictive endorsement was attached. The entire evidence in the case on the subject of the date of delivery of the policy is as follows: J. M. Griggs, local agent for the insurance company, who issued the policy for the company, testified that he could not remember when the policy was delivered to the insured and that "they usually go approximately two weeks before the effective date." Bennett Stewart, casualty underwriting supervisor for the insurance company testified: "The agents do not deliver those policies to the insured the day of issue. They hold them until they are received in the branch office, checked over for computation errors in premium and after a couple of weeks or so, the agents then deliver the policy to the insured. In this particular case, Mr. Griggs issued the policy. *796 I am sure that the original policy was held in his office waiting for us to issue the restrictive endorsement because it had been done on the previous policy in a similar manner." Since the plaintiff failed to carry the burden of proof by showing that there was a necessity for an additional consideration for the restrictive endorsement, the findings against the insurance company were unauthorized and the court erred in denying a new trial on the general grounds.
It is not deemed necessary to pass on the special grounds of the motion for a new trial. All of the questions properly raised in the special grounds are left open so that if any error complained of should arise again, which is not likely, the courts may have full rein to decide them under possibly different facts and circumstances.
The court erred in overruling the motion for a new trial on the general grounds.
Judgment reversed. Jordan and Russell, JJ., concur.