42964. GREAT AMERICAN INSURANCE COMPANY
v. LIPE.

---

Argued July 6, 1967—Decided July 12, 1967.

172

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, A. Martin Kent,* for appellant.

*Findley, Shea, Gannam, Head & Buchsbaum, Aaron L. Buchsbaum,* for appellee.

EBERHARDT, Judge. ■ Since there is a prayer for reformation, an equitable remedy, we must determine whether this appeal is properly in this court, or whether we should transfer it to the Supreme Court. In making this determination "both the allegations and the prayer must be examined, and where as in the case sub judice, the reformation of a contract is prayed for but the allegations of the petition fail to allege fraud or mutual mistake, the action seeking a money judgment is one at law and not in equity." *Sutker v. Pennsylvania Ins. Co.,* 223 Ga. 58 (153 SE2d 540). An examination of this petition reveals not a single allegation of fraud or of mistake. Consequently, we conclude that the appeal is properly in this court.

■ ■ It is clear that the Aero Marine Supply Corporation, the corporation of which Lipe was president and a substantial stockholder, neither held nor claimed an interest in the 1963 Corvette which Lipe purchased for himself. He so testified in his deposition. Consequently, it had no insurable interest in the Corvette. *Code Ann.* § 56-2405. That Lipe was president and a substantial stockholder in Aero Marine Supply Corporation does not afford an identity of parties. *Exchange Bank of Macon v. Macon Constr. Co.,* 97 Ga. 1, 5 (1) (25 SE 326, 33 LRA 800)).

■ However, we can perceive no reason why the corporation, though having no insurable interest in the car itself, could not obtain liability insurance with medical payment provisions to protect it against the eventualities that might occur when the vehicle should be used by its officers, agents or servants in the performance of duties on its behalf. The policy here does not insure against loss of the vehicle; it insures against liability. Consequently, the matter of insurable interest is not

controlling of the issues and we must look to provisions of the contract itself.

■ Although Mr. Lipe testified that he contemplated substituting the Corvette as an insured vehicle when the Corvair should be disposed of and in connection with that contemplation supplied Mr. Williams, the agent who wrote the policy, with the necessary information for making the substitution, the evidence demands a finding that it was not done. The most that Mr. Lipe testified was that he, unable to get in touch with Williams when he called the office, left a message with some lady who answered the telephone asking that Williams proceed with the substitution. Williams testified in his affidavit that he received no such message.

There is no question here of an oral binder on the Corvette; it is a question of an alteration or change of the coverage in the policy issued to Aero Marine Supply Corporation, which could have been accomplished only by a writing. *Simonton v. Liverpool, London &c. Ins. Co.,* 51 Ga. 76 (1).

Another provision of the policy is: *"Changes.* Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; *nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."* (Emphasis supplied). The provision is a valid one. *Gainous v. Ga. 'Cas. Co.,* 34 Ga. App. 562 (130 SE 540); *Hardware Mut. Cas. Co. v. Collier,* 69 Ga. App. 235, 242 (2) (25 SE2d 136). Cf. *Andrews v. Ga. Mut. Ins. Co.,* 110 Ga. App. 92 (137 SE2d 746). The uncontradicted evidence is that no endorsement was ever issued to add the Corvette as an insured vehicle on the policy or to add plaintiff as a named insured.

■ The substitution of the Corvette for the Corvair as an insured vehicle would have been a modification of the coverage provisions of the policy, requiring a consideration—which was absent here. See *Dunn v. Utica Mut. Ins. Co.,* 108 Ga. App. 368 (133 SE2d 60); Wackerle v. Pacific Employers Ins. Co., 219 F2d 1.

174

■ Under Coverage C, Division 1 of the policy there was coverage for medical payments to any person who might sustain an accidental injury while in or upon, entering or alighting from *the automobile*—which is the automobile described in the policy, and no other. The Corvette was never described in or insured under the policy, and there was no coverage as to medical payments for an accidental injury as to it under this provision.

This conclusion is demanded by the further provision of the policy that "Except with respect to Division 2 of coverage C and except where stated to the contrary, the word 'automobile' means . . . the motor vehicle or trailer *described in this policy* or, if none is so described, with respect to coverages A, B (liability and property damage) and Division 1 of coverage C, any private passenger automobile *owned on the effective date of this policy by the named insured.* . ." (Emphasis supplied).

■ Under Coverage C, Division 2, there was coverage to *each insured* who might sustain a bodily injury while in or upon, entering or alighting from any automobile. Mr. Lipe is not a named insured in this policy. In Agreement III of the policy it is provided that as to this division "the word 'insured' means the *named insured,* if an individual . . . otherwise (hence, if a corporation), the person designated in Item 5 of the declarations." Mr. Lipe was not named in Item 5. Indeed, no one was.

These provisions of the contract are clear and free of ambiguity. We can afford them no construction save that which they clearly import. *Code Ann.* § 56-2419; *Wheeler v. Fidelity & Cas. Co.,* 129 Ga. 237 (58 SE 709); *Hartford Acc. &c. Co. v. Hulsey,* 220 Ga. 240 (138 SE2d 310); *Maddox v. Life & Cas. Ins. Co. of Tenn.,* 79 Ga. App. 164, 173 (53 SE2d 235); *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375).

Under the pleadings, with their exhibits, and the evidence in this case there was no question for resolution by the jury; there was simply no coverage afforded under the policy sued on as against the claim made, and the defendant's motion for summary judgment should have been granted.

*Judgment reversed. Hall, J., concurs. Felton, C. J., concurs, save as to Division 1, in which he concurs specially.*