### 43081. ADAIR et al. v. AMERICAN LIBERTY INSURANCE COMPANY et al.
### 43082. AMERICAN LIBERTY INSURANCE COMPANY v. WARD et al.

DEEN, Judge. 1. The plaintiff insurance company in an action for declaratory judgment contends that the defendant insurer of one of the individual defendants also named in the action has primary coverage and the plaintiff has only excess coverage in a pending action by the latter against the individual insured, whereas the defendant insurer contends that it has no coverage and no obligation of any kind to defend the damage suit litigation. Under the fact situation in *U. S. Fidelity &c. Co. v. Watson,* 106 Ga. App. 748 (1) (128 SE2d 515), where the plaintiff insurer sought an adjudication as to whether it had primary or secondary coverage, and this issue depended on a fact situation vital to the determination of a pending action for damages, it was held that no cause of action for declaratory judgment was set out because the

plaintiff, under either state of facts, admitted coverage and obligations under the policy. In that case a general demurrer was sustained because no cause of action for declaratory judgment was set out. The motion filed by the defendants Adair here (plaintiffs in the pending tort action) does not make this point, but contends only that the petition should be dismissed as to them. The effect of a grant of the motion to dismiss would be to leave the action pending as to the other parties. No other general demurrer is before us for review. So long as the petition is pending, these defendants are proper parties to the action. *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459). Their motion that they be dismissed as parties defendant was properly denied.

2. "A consideration is necessary for the valid modification of the coverage provisions of an insurance policy, whether the effect of the modification is to extend or limit the risks against which the insurance affords protection." *Dunn v. Utica Mut. Ins. Co.,* 108 Ga. App. 368, 369 (133 SE2d 60). Thus, where by endorsement subsequent to the issuance of a policy of insurance the coverage afforded by the original policy is restricted, consideration may be shown by proof of refund of a part of the premium, forbearance by the insurer to cancel the policy in the manner provided therein, and doubtless in other ways, but a mere uncommunicated intention on the part of the insurer to cancel the policy unless the endorsement agreeing to a restriction of coverage is accepted by the insured is not sufficient. *Patterson v. Cotton States Mut. Ins. Co.,* 221 Ga. 878 (148 SE2d 320).

3. Where one witness on direct examination testifies positively that he stated certain facts to another, but on cross examination, while insisting that such a statement is "standard practice" but that "unless I have a dictaphone or something I can't recall exactly what I specifically tell an individual two years from then," the testimony, although not absolutely positive, has probative value. *First Fed. Savings &c. Assn. v. Commercial Union Ins. Co.,* 115 Ga. App. 756 (156 SE2d 101).

4. On motions for summary judgment made by each of the insurance companies the following appears: American Motorists issued a standard automobile liability insurance policy to Frank M. Ward through Scott Stevenson, partner in an insurance agency handling all lines of insurance business for a number of companies. Ward had a custom for a number of

years of leaving the placing of his insurance in Stevenson's discretion. Frank Ward's son, Richard Ward, had his driver's license revoked, went to consult with Stevenson on the license and insurance questions and Stevenson, knowing that American Motorists would insist either on a cancellation or on an endorsement removing the younger Ward from coverage, proposed that he place such an endorsement on this policy and issue another to Richard Ward with another company. This was agreed upon, after conversation among the three men, and it was further agreed that the collision coverage with American Motorists be canceled and the return premium in the amount of $114 applied as a down payment on a policy issued by Stevenson with American Liberty Insurance Company covering Richard Ward, all of which was done. Thereafter, Richard Ward, while driving his father's automobile, had a collision with the Adair automobile as a result of which the Adairs brought the damage action above referred to. The only question at issue in the trial court was whether the exclusionary rider added to the policy of Frank Ward with American Motorists was void for lack of consideration. Frank Ward testified that Stevenson did not state to him that the insurer would cancel the policy unless he signed the endorsement removing his son from coverage on that policy, but he understood that he was removing him from coverage and obtaining insurance for him with another company, and he further testified that he turned all of his insurance affairs over to Mr. Stevenson and was willing to abide by whatever he did. The evidence is positive that Stevenson, with the information the Wards had just given him, knew the only choices so far as Frank Ward's policy was concerned were either to cancel the policy entirely or exclude the son from coverage thereunder. It was his belief that this was communicated to Ward. Ward, while denying that it was so explained to him, did come to Stevenson with the problem of insurance coverage and left the details of working out the coverage and recovery of the license to him, being "willing to abide by whatever he did." To this extent then, Stevenson was Ward's agent, Stevenson's knowledge that the forbearance of cancellation was the consideration for the rider was Ward's knowledge, and it is unnecessary to decide whether the refund of $114 was in part a consideration for the rider or was merely the consideration for cancellation of the collision feature of the policy.

*Judgment denying the motion for summary judgment of American Liberty Insurance Company and granting the motion for summary judgment of American Motorists Insurance Company affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED NOVEMBER 16, 1967— REHEARING DENIED DECEMBER 6, 1967—

*Feldman & Love, Albert P. Feldman,* for Adair.
*Ross & Finch, Homer A. Houchins, Jr.,* for American Liberty.
*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall,* for American Motorists.
*Harrison, Martin & Childs, H. Fielder Martin,* for Ward.