45073.   GEORGIA MUTUAL INSURANCE COMPANY
v. RAGAN et al.

ARGUED FEBRUARY 2, 1970—DECIDED MAY 12, 1970—REHEARING DENIED JUNE 17, 1970—

*Landau, Davis & Farkas, Leonard Farkas, II,* for appellant.

*Vann & McClain, J. Dudley McClain, Burt & Burt, H. P. Burt, D. D. Rentz,* for appellees.

BELL, Chief Judge. The single issue in this appeal is whether the subsequent endorsement modifying the terms of the original policy was valid. Plaintiffs contend that it was null and void as it reduced the risks under the policy without any consideration to plaintiff, Ragan. Defendant argues that the endorsement was supported by a consideration to Ragan, i.e., its forberance *to cancel* the policy. A consideration is necessary for the valid modification of the coverage provisions of an insurance policy. *Adair v. American Liberty Ins. Co.,* 116 Ga. App. 805 (159 SE2d 174). Forbearance to cancel the policy has been held to be a sufficient

consideration for a modifying endorsement restricting the risks covered. *Patterson v. Cotton States Mut. Ins. Co.*, 221 Ga. 878 (148 SE2d 320). Plaintiffs maintain that on October 1, 1968, when the endorsement was tendered to Ragan by defendant's agent, defendant had no right to cancel the policy. The Georgia statute specifies that cancellation may only be effected for certain enumerated reasons, none of which are present in this case. Cancellation is allowed for any reason of a policy "which has been in effect less than 60 days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal of a policy." Ga. L. 1968, pp. 1126, 1127, 1132 (*Code Ann.* § 56-2430.1 (G)). As the policy in question here was not a renewal, the 60-day limitation applies. The record shows that on September 16, 1968, the defendant mailed a notice to Ragan that the policy was canceled effective September 27, 1968 and obtained the receipt for mailing from the Post Office Department required by law. Ga. L. 1968, p. 1126 (*Code Ann.* § 56-2430). The policy provides that proof of mailing is sufficient proof of notice of cancellation. It is therefore unnecessary to prove that Ragan actually received the notice. *Genone v. Citizens Ins. Co.*, 207 Ga. 83 (60 SE2d 125). However, the evidence of the agent advising Ragan of the threat to cancel, the acceptance of a premium payment, and defendants' apparent ratification of the agent's conduct by its rescission of the cancellation notice, constitute an admission that the policy was still in force and the defendant is estopped to claim that the policy was canceled on September 27, 1968. See 45 CJS 78, Insurance, § 445. In any event, the defendant does not argue that the policy was *canceled* on October 1st but to the contrary contends that it still had the right to cancel as of October 1, 1968, in the event the insured refused to execute the exclusion. Defendant seemingly argues that by mailing the notice of cancellation within the 60-day limit it preserved its right to cancel for failure of Ragan to accept the modification. We do not agree. The defendant's prior letter purporting to exercise the right of cancellation would not in any manner preserve any right to cancel at a subsequent date in view of the insurer's treating the policy as being in force after the effective date of cancellation and after the lapse of more than 60 days. Accordingly, defendant had no right to cancel on October 1st

and as a consequence defendant could not forbear. No other consideration is shown to have been given to Ragan for his assent to the modification. Thus the endorsement was null and void. The trial court's order granting summary judgment to plaintiffs as to defendant's liability was proper.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*