## 47569.   UNITED INSURANCE COMPANY OF AMERICA v. WALTON.

BELL, Chief Judge. Plaintiff, as the administratrix of her mother's estate, sued to recover on a hospitalization policy issued to the deceased. The insurer answered denying liability and affirmatively pleaded fraudulent procurement of the contract by concealment of facts in the application for the policy. The jury awarded plaintiff damages in the amount of $1,113 under the contract, $111.30 as a penalty for bad faith, and attorney's fees in the amount of $250. The defendant appeals from the overruling of its motions for judgment notwithstanding the verdict and for a new trial. *Held:*

1. (a) An express provision of the insurance contract precluded the defense of fraudulent procurement of the contract by concealment of facts in the application. It reads: "The application for this policy is not attached to or made a part of this contract. No misstatement made by the applicant in the application for this policy shall be

used to void the policy or to deny a claim for loss incurred after the date of policy."

(b) The evidence did not demand a verdict for defendant. The evidence is more than sufficient to authorize a verdict for plaintiff as to the amount of recovery on the policy.

2. As previously noted, the defendant by its answer denied any liability and defended in the procurement of the policy on the basis of fraud. This type fraud, even assuming it in part existed, was not an available defense under the terms of the contract. The verdict for $1,113 was less than the amount demanded in the complaint, $1,178. The failure to recover for the full amount will not, after denial of any liability by the insurer, preclude an insured from recovering a penalty and attorney's fees for bad faith. *Central Mfrs. Mut. Ins. Co. v. Graham,* 24 Ga. App. 199 (99 SE 434); *New York Life Ins. Co. v. Williamson,* 53 Ga. App. 28, 38 (184 SE 755); and *Canal Ins. Co. v. Winge Bros., Inc.,* 97 Ga. App. 782 (104 SE2d 525). The defendant's complete failure to make out any defense to this action is evidence of bad faith and authorized the verdict for the penalty and attorney's fees. *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 213 (121 SE2d 649).

*Judgment affirmed. Evans and Stolz, JJ., concur.*
ARGUED OCTOBER 2, 1972—DECIDED JANUARY 23, 1973.

*Walton Hardin,* for appellant.
*Orr & Kopecky, Melvin P. Kopecky,* for appellee.