48733. STATE FARM MUTUAL INSURANCE
COMPANY v. POTTS et al.

PANNELL, Judge.

This action originated when complaint was filed against Mrs. Mary Alice Gaddis and her son, Stanley Russell Gaddis, by Mrs. C. K. Potts and her three brothers, Charles, Vance and Jack Kesler, seeking damages for the wrongful death of their mother occasioned when a vehicle operated by her was struck by a car negligently operated by Stanley Russell Gaddis. As a result of various third-party complaints and other pleadings, State Automobile Mutual Insurance Company, uninsured motorist carrier, and State Farm Mutual Insurance Company, insurer of Mrs. Gaddis, became parties to the litigation. The issue of damages only was submitted to the jury, with all other issues to be decided by the court without a jury, all by agreement of the parties. The jury found for the plaintiffs in the amount of $10,000 for which sum the trial judge subsequently found the appellant to be liable and also ordered the payment of $3,000 attorney fees by appellant. *Held:*

1. Appellant enumerates that the trial judge erred in adjudging that appellant was liable under an automobile insurance policy issued to Mrs. Gaddis with an exclusionary indorsement specifically excluding coverage if her car was operated by her son.

Mrs. Gaddis was insured under appellant's standard automobile liability policy, which was to expire September 30, 1970. The policy defined the term "insured" to include "(3) If residents of the same

household, the relatives of the first person named in the declaration . . ." The parties agree the term would include the minor son and that there is nothing in appellant's policy that requires the named insured to add an occasional operator, members of the family when they attain the age of 15 years, or when they start driving the family automobile. Despite the lack of necessity, on August 29, 1970, Mrs. Gaddis, recently widowed, went to State Farm Agent William Stoddard, with whom she had done business for years, and advised him that her son Stanley had obtained his learner's permit and that she wanted to add him as a driver. Mr. Stoddard advised her that Stanley would have to be added as an occasional operator and undertook to effectuate the addition of the son to the policy which was to be renewed October 1, 1970. On September 16, appellant billed Mrs. Gaddis for an additional $102.40 premium payable on October 15th to cover the addition of Stanley Gaddis as an occasional driver. On September 21st, Mrs. Gaddis advised Mr. Stoddard that she was no longer letting her son drive the car and she didn't want to pay the higher premiums. Mr. Stoddard advised Mrs. Gaddis, who was unskilled in business, that the only way she could accomplish a reduction in the premiums would be by the execution of a driver exclusion indorsement. This she did, and it became effective the same date. No reduction in the original premium to compensate for the reduction in risk was offered or made by appellant. The additional premium of $102.40 was canceled. On December 27th, while driving his mother's car, Stanley Gaddis was involved in the collision which forms the basis of this litigation. Appellant denied liability by virtue of the exclusionary indorsement and, upon demand, refused to defend.

Appellant argues that the modification was supported by a consideration to Mrs. Gaddis, i.e., cancellation of the additional premium of $102.40. Contra, appellees contend that there was no consideration for the driver exclusion agreement and indorsement and they are null and void. "A consideration is necessary for the valid modification of the coverage provisions of an insurance policy, whether the effect of

the modification is to extend or limit the risks against which the insurance affords protection." *Dunn v. Utica Mutual Ins. Co.,* 108 Ga. App. 368, 369 (133 SE2d 60). Cited with approval in *Adair v. American Liberty Ins. Co.,* 116 Ga. App. 805 (159 SE2d 174) and *Georgia Mutual Ins. Co. v. Ragan,* 122 Ga. App. 56 (176 SE2d 230). Mrs. Gaddis had sought the advice of State Farm Agent Stoddard and was advised that her son would have to be added to the policy as an occasional driver, even though this was not required and was not correct for her car already was insured. Therefore, it can hardly be said that she signed the "driver exclusion indorsement" "to induce the State Farm Insurance Company to insure the automobile. . ." Nor can it be said that her signing of the document was "in consideration of the premium at which the policy is written. . ." Mrs. Gaddis received no reduction in her premium for the reduction of her coverage. She, in reliance on her insurance agent, truly "paid more and got less!" We find that there was a lack of consideration and that the driver exclusion indorsement was, therefore, null and void.

2. Appellant next enumerates as error that the trial judge erred in awarding attorney fees. The parties to this litigation stipulated that if appellant was held liable under the policy that the issue of penalties and attorney fees would be submitted to the court for determination upon evidence submitted to the court. They also stipulated that all questions other than damages be submitted to the trial judge without a jury. The trial court made no finding as to attorney fees under Code § 56-1206, but did find "that a reasonable attorneys fees in this case for defendant Stanley Russell Gaddis and Mrs. Mary Alice Gaddis and bringing in State Farm Mutual Ins. Co. as a third-party defendant and all related legal matters is $3,000." These attorney fees as to amount were authorized by the evidence, and the rulings above-mentioned made such an award proper.

3. Other enumerated errors are either disposed of by this opinion or are considered without merit.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

Submitted November 8, 1973 — Decided February 5, 1974 — Rehearing denied February 20, 1974.

*Fortson, Bentley & Griffin, Herbert T. Hutto, Savell, Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis, Davis & Davidson, Jack S. Davidson, Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellees.