### 54615. AMERICAN RELIABLE INSURANCE COMPANY v. WOODWARD et al.

Webb, Judge.
In July of 1974 Brigham Woodward entered into an oral agreement with Frank Hutcheson and Carroll Carver, d/b/a Southeastern Used Mobile Homes, to purchase a custom-designed Catalina Mobile Home. On July 15 Catalina Homes, Inc. delivered the mobile home to a lot in Coffee County owned by Woodward. Woodward executed a deed to secure debt to Catalina Homes on October 15 and on October 23 Hutcheson and Carver, d/b/a Southeastern Used Mobile Homes, executed a note to the Exchange Bank of Douglas, Georgia in the amount of $13,007.24, secured by the mobile home.

On September 2, 1975 Woodward purchased an insurance policy on the mobile home with American Reliable Insurance Company to cover fire damage to the mobile home. The term of the policy was for one year and the premium was paid in full. The loss payee was listed as the Exchange Bank of Douglas, Georgia. On December 10 the mobile home was totally destroyed by fire. The insurance company was notified and a proper proof of loss

was filed. When the insurance company refused to pay the claim a letter of demand was written pursuant to Code Ann. § 56-1206, and subsequently this suit was brought by the bank, Woodward and Southeastern Used Mobile Homes to recover $15,500, the alleged value of the mobile home, plus certain other costs, and bad faith penalty and attorney fees. The trial court, sitting without a jury, found in favor of the plaintiffs and the insurance company appeals.

1. The trial judge correctly held that Woodward had an insurable interest in the mobile home as contemplated by Code Ann. § 56-2405 (2). Even though the loan was financed through the "floor planning" arrangement of Southeastern Used Mobile Homes, Woodward was still obligated to pay the indebtedness. Title is not the sole test for determining an insurable interest. *Gordon v. Gulf Am. Fire &c. Co.,* 113 Ga. App. 755, 760 (2) (149 SE2d 725) (1966). "It is sufficient if the insured holds such a relation to the property that its destruction by fire would result in pecuniary loss to him. 'The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against.' A mortgagee or one succeeding to the interest or rights of a mortgagee in the mortgaged property has an insurable interest therein. [Cits.]" *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603, 607 (3) (184 SE 383) (1936); see also *Pike v. Am. Alliance Ins. Co.,* 160 Ga. 755 (129 SE 53) (1925); *Huckaby v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 493 (231 SE2d 378) (1976).

It is undisputed that Woodward told the insurance company's agent, Eric L. Moore, at the time the mobile home was insured of the financial agreement between the plaintiffs, and that Moore acted on this knowledge by providing the bank with a copy of the policies showing it as the loss payee. When the agent of the insurance company knows at the time of the issuance of the policy the real facts as to ownership, the company is estopped to assert that the policy is not binding. *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220, 223 (3)

(211 SE2d 145) (1974). See also *Brown v. Globe & Rutgers Fire Ins. Co.*, 161 Ga. 849 (1) (133 SE 260) (1926).

2. The evidence was sufficient under Code § 38-1709 to support the judge's finding that the value of the mobile home at the time it was destroyed by fire was $15,500.

3. The insurer introduced no evidence to show why it refused to pay the claim. Under such circumstances where loss is covered by the insurance policy and the insurer has refused to pay within 60 days after a demand has been made, an award of attorney fees is not unauthorized as a matter of law; and this court will not disturb the findings and judgment thereon when the award is within the range of evidence as to the reasonable value thereof. Code Ann. § 56-1206; *South Carolina Ins. Co. v. Hunnicutt,* 107 Ga. App. 366 (3) (130 SE2d 239) (1963); *Guarantee Reserve Life Ins. Co. v. Norris,* 108 Ga. App. 45, 48 (3) (132 SE2d 128) (1963); *United Ins. Co. v. Walton,* 127 Ga. App. 857, 858 (2) (195 SE2d 295) (1973).

While the judge found bad faith on the part of the insurer, he awarded damages only for attorney fees. Where a finding of bad faith is made, Code Ann. § 56-1206 provides that the insurer shall be liable to pay *"not more than* 25 per cent. of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the case against the insurer." (Emphasis supplied.) Since the statute does not require that penalty damages be paid, but merely limits the amount of liability, we conclude that such an award is not a condition precedent to the award of reasonable attorney fees. There being evidence that the award of $2,000 attorney fees was reasonble and no other error appearing, the judgment must be affirmed. See *State Farm Mut. Ins. Co. v. Potts,* 131 Ga. App. 26, 28 (2) (205 SE2d 43) (1974).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

Argued October 5, 1977 — Decided October 26, 1977.

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellant.

*Farrar & Farrar, Curtis Farrar,* for appellees.