## 58141. GEORGIA MUTUAL INSURANCE COMPANY
### v. COOK et al.
## 58142. AETNA CASUALTY & SURETY COMPANY
### v. COOK et al.
## 58143. WEST v. COOK et al.

McMURRAY, Presiding Judge.

In 1976, Leonard C. Cook and Greg Adonis West were riding in an automobile (a 1964 Chevrolet Corvette) on a highway in Polk County, Georgia, when it collided with a vehicle operated by Fred E. Brumit. As a result of this collision, Leonard C. Cook was severely injured, and said injuries resulted in his death.

Mrs. Grace Chandler Cook, as the mother of the decedent, Leonard C. Cook, brought an action for wrongful death against the defendant Greg Adonis West, alleging the above and contending that defendant West was operating the vehicle (1964 Chevrolet Corvette) when it collided with the vehicle driven by Brumit, seeking damages of $250,000. This petition was not only served upon West but also upon Georgia Mutual Insurance Company, First of Georgia Insurance Managers, Inc., and Aetna Casualty & Surety Company.

West answered the complaint admitting only jurisdiction and denying that he was liable for the wrongful death of the deceased. He contends therein that Cook's death was solely and proximately caused by the negligence of the deceased. West later filed a third-party complaint against First of Georgia Underwriters Company contending that the insurer after adequate consideration had issued an automobile liability insurance policy on the 1964 Chevrolet Corvette automobile in which it agreed to defend any suit arising out of the use of said automobile and to pay up to $10,000 for any injury which any insured shall become legally obligated to pay because of the use of said automobile. He specifically denied that he was the operator of said automobile at the time and place alleged by Mrs. Cook in her complaint and demanded that the third-party defendant defend the lawsuit filed against him and to pay any sums that may be adjudged against him in favor of

the plaintiff.

Aetna Casualty & Surety Company filed a response to plaintiff's complaint pursuant to provisions of Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; 1971, pp. 926, 927; 1972, pp. 882, 883; 1973, p. 487; 1975, p. 1221; 1976, pp. 1195, 1196) otherwise known as the uninsured motorist endorsement or provisions of an insurance policy to pay the insured all sums which he shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle causing injury or damage. It answered on information and belief that the defendant West was not liable to the plaintiff in any amount, was not guilty of any negligence in connection with any matter complained of in plaintiff's complaint, and the death of the decedent was solely and proximately caused by decedent's own negligence which negligence was equal to or greater than any alleged negligence of the defendant West. In further response to plaintiff's action, it contends that First of Georgia Underwriters Company had issued a policy covering the 1964 Chevrolet Corvette automobile thereby insuring defendant West, and he was not an uninsured motorist. It also contends that the decedent, Leonard C. Cook, was not insured under the provisions of its policy issued to Charlie J. Cook, and if it were determined that he was an insured under this policy the plaintiff had failed to comply with the terms and conditions precedent of said policy, and it was not liable. It sought a declaration that West was not an uninsured motorist, that any policy of insurance issued by it did not provide any coverage applicable to the claims of the plaintiff on account of the death of Leonard C. Cook, that judgment be entered in favor of the defendant West and that it be discharged without cost.

Georgia Mutual Insurance Company answered the suit in which it was also served. It contended that it was not liable to the plaintiff under the wrongful death action inasmuch as it had not issued any policy of liability insurance or provided any coverage under the factual situation referred to in the complaint. It alleged it had not provided any uninsured motorist coverage and it was without knowledge or information with reference to the

averments of the complaint. It denied all the allegations and prayed that it be discharged from liability of any sort.

First of Georgia Underwriters Company, as a third-party defendant, answered the third-party complaint by contending there was no cause of action against it, and the insurance policy upon which the suit is brought was not issued to and did not insure anyone having an interest in this litigation, attaching a copy of the policy to its answer. It further answered that the policy had been issued to "Lean Herring" (although the name of the insured on the policy attached was shown as "Leanne (NMN) Herring"), which was cancelled as of its inception date "February 21, 1976." The policy was never effective, did not afford any insurance coverage to anyone and that all premiums paid had been returned "to the insured." In general, it further answered that it was not liable under any circumstances and denied that there was any policy issued by it which afforded any coverage whatsoever to West "either to defend any suit or pay any judgment on his behalf." By amendment it alleged the policy was procured fraudulently by the collusion of Leanne Herring and West because West was the owner of the Corvette and not Herring. West had a poor driving record and was a bad automobile liability insurance risk, and the policy was void ab initio.

After discovery, the third-party defendant, First of Georgia Underwriters Company, moved for summary judgment. A hearing was held on Februrary 8, 1979, based upon "the entire record", and the motion for summary judgment was sustained. However, prior to a review in this court a confirmation order dated June 4, 1979, was issued ordering that, as of January 16, 1979, the superior court found that in the interest of justice and economy certain affidavits should be allowed to be filed by the third-party defendant, and the third-party defendant was allowed until February 6, 1979, to file with the court and serve upon opposing counsel certain additional affidavits.

In Case No. 58141, the respondent, Georgia Mutual Insurance Company appeals. In Case No. 58142 the respondent, Aetna Casualty & Surety Company appeals. In Case No. 58143 the defendant (third-party plaintiff)

West likewise appeals. *Held:*

The cases sub judice, insofar as the application and policy for automobile liability insurance (including uninsured motorist coverage) are concerned, involve either extreme fraud, misrepresentations, omissions, concealment of facts, and incorrect statements in the policy application, or else all parties concerned, including the producing insurance agency owner, have displayed a lack of understanding as to automobile liability insurance.

The uncontested facts disclose that defendant West, who owned or had an interest in the 1964 Chevrolet Corvette (involved in the collision) along with his father who held the registration and title to the automobile needed insurance because the insurance on the vehicle had "run out" or was "cancelled" and his father had said West could not drive the automobile unless he "got some insurance on it." Efforts were then made by and between West, his then girl friend, Lea Ann (also shown as Lean or Leanne) Herring, and her mother to "just get some insurance" on the motor vehicle. Liability insurance (including uninsured motorist coverage) was obtained by and through Nathan Dean, sole proprietor of Young Insurance Agency who handled an application for the insurance policy in question and obtained the policy in the name "Leanne (NMI) Herring" which policy was written by First of Georgia Underwriters Company. Leanne Herring deposed that she had requested the liability insurance policy from Dean but never advised him that she had purchased (or owned) the automobile, or gave him any "information regarding either the ownership or title registration" of the vehicle, although she gave him her name and driver's license number and she did not sign the purported application, and strongly insists that she was not responsible for the erroneous information found in the application for insurance, contending some one else signed her name to the application. The evidence does show that Leanne Herring never owned or had any interest in the automobile in issue.

The evidence before the court is in conflict as to the issues of fraud in the procurement, misrepresentations, omissions, concealment of facts and incorrect statements

in the insurance application, although the policy is written in the name of a person, not the owner or having an interest in the policy. However, this could be the mistake of the underwriter or its procuring agent, or a mutual mistake of all concerned, despite the producer's denial of any agency relationship by and between the producer and the insurer. The insurer also insists that the policy was cancelled by returning the premium to Leanne Herring. However, no proof of this has been offered.

But the cases now stand before this court with an insurance contract unreformed by a court of equity in the name of Leanne Herring who is not the owner of the motor vehicle, nor does she claim to be the owner or have any insurable interest therein. Perhaps the intent was to obtain the insurance in the name of the registered owner or the driver at the time. However, there has been no effort to reform the contract upon mutual mistake of fact.

Accordingly, the superior court did not err in granting summary judgment in favor of the third-party defendant, the alleged insurer of the automobile written in the name of another. A somewhat similar case decided by a jury as to the ownership of the automobile was decided and affirmed in *Hardeman v. Sou. Home Ins. Co.* 111 Ga. App. 638, 644 (142 SE2d 452). See also Code Ann. §§ 56-2404, 56-2405 (Ga. L. 1960, pp. 289, 657, 658). Compare *Great Am. Ins. Co. v. Lipe,* 116 Ga. App. 169 (2b), 172 (156 SE2d 490).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JULY 11, 1979 — DECIDED
SEPTEMBER 13, 1979.

*Clinton J. Morgan, John H. Smith,* for appellant (Case No. 58141).

*Glen T. York, Jr., Joseph N. Anderson, Wayne W. Gammon, James B. Gurley, William E. Davidson, Jr.,* for appellees (Case No. 58141).

*Walter J. Matthews,* for appellant (Case No. 58142).

*Glen T. York, Jr., Wayne W. Gammon, Clinton J. Morgan, John H. Smith, James B. Gurley,* for appellees

(Case No. 58142).
*Joseph N. Anderson,* for appellant (case no. 58143).
*Glen T. York, Jr., Clinton J. Morgan, John H. Smith, Ronald T. Gold, Walter J. Matthews, William E. Davidson, Jr.,* for appellees (Case No. 58143).