**CANAL INSURANCE COMPANY,**
**Plaintiff,**

v.

**Haldean ALDRICH, D/B/A Aldrich & Hendrix, Datus Burch Hendrix, Joe Alvin Aldrich, and Tom Worthington, Defendants.**

**Civ. A. No. 679–35.**

United States District Court,
S. D. Georgia,
Swainsboro Division.

May 1, 1980.

Timothy F. Callaway, III, Karsman, Brooks, Painter & Callaway, P. C., Savannah, Ga., for plaintiff.

William J. Neville, Statesboro, Ga., Dwight L. Cranford, Roanoke Rapids, N. C., Millard B. Shepherd, Swainsboro, Ga., Thomas I. Benton, Roanoke Rapids, N. C., for defendant Tom Worthington.

### ORDER

BOWEN, District Judge.

This is a declaratory judgment action wherein the plaintiff seeks to determine the extent of collision coverage provided by an insurance policy issued to the defendants. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship.

Plaintiff has moved for summary judgment. A question of contract interpretation is involved, and the principle of *lex*

*locus contractus* will apply. The law of Georgia provides that insurance contracts are considered made at their place of delivery. *See Avemco Ins. Co. v. Rollins*, 380 F.Supp. 869, *aff'd.* 500 F.2d 1182 (1974). It appears from the face of the policy in question that it was issued and delivered in Bulloch County, Georgia. The interpretation of its terms will be made pursuant to the law of this state.

■ The plaintiff issued an automobile insurance contract to the defendant Haldean Aldrich, d/b/a Aldrich and Hendrix on February 4, 1977. The language of the policy limits coverage to events taking place within a 300-mile radius of defendants' place of business in Brooklet, Georgia. On May 17 or May 18, 1977, Aldrich called Carl Reddick, the soliciting insurance agent to request that the mileage limitation be removed. Reddick notified plaintiff's general agent, C. A. Hottell & Associates, and a change endorsement was issued effective May 31, 1977 at 5:05 p. m.

Approximately two hours prior to the effective time of this change, one of defendant's vehicles covered by the policy was involved in a collision in North Carolina, beyond the 300-mile radius. Defendants contend that this accident was covered under the terms of the policy as modified by the conversation with Reddick. Plaintiff maintains that the request for extended coverage did not effectuate such coverage until authorized by C. A. Hottel & Associates by written endorsement. Thus, the issue involved in this case is a simple one: when did unlimited mileage coverage become a part of the insurance contract?

Georgia Code Section 56–2420(1) states: Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except as superseded by the clear and express terms of the binder. The Georgia Court of Appeals has held that oral orders by an insured for a change of coverage is in the nature of a binder and

enforceable under this code section. *See Allstate Insurance Company v. Reynolds*, 138 Ga.App. 582, 227 S.E.2d 77 (1976). However, the policy issued on February 4, 1977, in this case contained the following paragraph:

> *Changes* : Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy.

Provisions of this sort have been addressed by the Georgia courts in several cases. In *Great American Insurance Company v. Lipe*, 116 Ga.App. 169, 156 S.E.2d 490 (1967), a contract term identical to the one quoted above was held to be valid. In that case, the insured called the agent who had written his policy to request that a vehicle be substituted under the coverage of the policy. The agent was not in his office at the time of the call, and the insured left a message asking for the substitution. However, the agent stated by affidavit that he never received the message. The court held that regardless of the testimony of the insured that a substitution was requested, the evidence was insufficient to permit a finding that a substitution had been made since no endorsement was ever issued. The court also stated that there was no question of an oral binder because an alteration or change of coverage could have been accomplished only by a writing.

In *Parris & Son, Inc. v. Campbell*, 128 Ga.App. 165, 196 S.E.2d 334 (1973), an agent orally represented to the insured that a burglary which had already occurred was covered under the terms of the policy. The court denied coverage on several grounds, including the lack of authority by the agent to orally change a contract which, by its terms, required a written expression of modification.

Under the principles cited in these Georgia cases, Reddick had no power to orally

modify the terms of the insurance policy. According to the conditions set forth in the policy itself, any change required the issuance of an endorsement. The endorsement providing extended mileage coverage did not become effective until two hours after the collision. The 300-mile radius limitation was in effect at the time.

The courts have no more right or power to extend coverage of a policy or to make it more beneficial to the insured than they do to rewrite the contract and increase the coverage. *Prudential Insurance Company v. Kellar*, 213 Ga. 453, 99 S.E.2d 823 (1957). There was no coverage under the terms of the policy in effect at the time of the collision. Accordingly, plaintiff's motion for summary judgment is hereby granted.