A90A1841. ROTHELL v. CONTINENTAL CASUALTY COMPANY.
(402 SE2d 283)

BEASLEY, Judge.

On November 8, 1987, Rothell, an over-the-road trucker, was injured when he was standing inside a trailer, unloading it. Freight shifted, hit him in the back, and knocked him out of the trailer onto the ground. Rothell demanded payment of $5,000 basic personal injury protection (PIP) benefits from Continental Casualty Company, which had issued insurance on the vehicle for a period beginning April 1, 1987. At the date of policy issuance, the statutory definition for "operation, maintenance, or use of a motor vehicle" did include "conduct in the course of loading or unloading the vehicle" *if* the conduct occurred "while occupying" the vehicle. OCGA § 33-34-2 (9) prior to amendment effective July 1, 1987. The policy language tracked the statute to exclude coverage for injury sustained "in the course of loading or unloading any motor vehicle unless the conduct occurs while such person is occupying such motor vehicle."

The demand was denied on the basis that the incident and injury did not qualify for coverage under OCGA §§ 33-34-2 (1) and 33-34-2 (9) because, as amended effective July 1, 1987, its broader exclusion automatically modified the insurance policy to block coverage for Rothell's claim. The amendment crafted a larger net so as to exclude "[l]oading or unloading a motor vehicle by any person acting within the course of his employment in any business."

Rothell sued for the PIP benefits as well as statutory penalties, attorney fees, and punitive damages for bad faith. Both parties sought summary judgment. The trial court granted judgment in favor of the insurer and denied it to Rothell, concluding that under the policy provisions the amended statutory definition of "operation, maintenance or use of a motor vehicle" had been incorporated into the policy and excluded coverage for Rothell's mishap.

Rothell correctly contends on appeal that the trial court erroneously concluded that the statutory amendment modified the policy to reduce coverage and thus excluded his claim.

Insurance is a matter of contract and contract law rules and interpretations apply. *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (351 SE2d 498) (1986). Consideration is necessary for the valid modi-

fication of the coverage provisions of an insurance policy when such modification substantively alters coverage. See *Georgia Mut. Ins. Co. v. Ragan*, 122 Ga. App. 56, 57 (176 SE2d 230) (1970). See also *Adair v. American Liberty Ins. Co.*, 116 Ga. App. 805, 806 (2) (159 SE2d 174) (1967); *Great American Ins. Co. v. Lipe*, 116 Ga. App. 169, 173 (4) (156 SE2d 490) (1967); *United States Fid. &c. Co. v. Watson*, 106 Ga. App. 748, 754 (2) (128 SE2d 515) (1962).

The parties entered into a contract which included express terms of coverage and noncoverage. The contract could not be unilaterally altered to the detriment of the insured by depriving the insured of coverage previously had and paid for, without some corresponding benefit. There was no evidence that the insured received any premium reduction or any consideration whatsoever for a broadening of the exclusion and lessening of coverage.

Statutory exclusions are not compulsorily read into an insurance policy when, as here, the policy provides greater coverage than that mandated by statute. See *Ethridge v. Travelers Indem. Co.*, 186 Ga. App. 812, 814 (368 SE2d 542) (1988). Consequently, no modification occurred.

The fact that the policy contained a "conformance of statutes" provision stating it would conform to state law and that the coverage afforded would be "at least as extensive as the minimum" required by state law, did not, by the clear language of the provision, automatically incorporate subsequent statutory amendments providing less coverage than provided by the contract. Rather, it only ensured that the coverage did not contravene public policy by falling below the minimum requirements of the state law.

It was error to grant summary judgment to the insurer.

Moreover, inasmuch as it was undisputed that Rothell was occupying the covered vehicle at the time of his injury, see *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984); *Holsey v. Allstate Ins. Co.*, 193 Ga. App. 782 (389 SE2d 11) (1989), and there was no pursued basis to exclude coverage other than the unfounded claim of automatic reduction of coverage, Rothell was entitled to summary judgment in his favor on the issue of basic PIP coverage under the policy.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 25, 1991 —
REHEARING DENIED FEBRUARY 12, 1991 —

*David H. Fink*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for

appellee.